## SWAIN & MARSH, ADMRS. *v.* CHASE *et al.*

An affidavit for an order of the publication of the summons, upon the ground of the absence of the defendant, which states that the defendant could not, after due diligence, be found in the county where the action was pending; that affiant had inquired of Fogg, who is an intimate friend of defendant, as to his whereabouts; that Fogg was unable to inform him, and that plaintiff did not know where defendant could be found within the State, is insufficient to authorize the publication.    A publication made upon such an affidavit will not give the Court jurisdiction of the person of the defendant.

The law presumes nothing in favor of the jurisdiction of Justices' Courts, and a party who asserts a right, under the judgment of a Justice, must affirmatively show every fact necessary to confer such jurisdiction.

APPEAL from the Seventh District, County of Contra Costa.

This was a bill filed in the Court below to enjoin the collection of a judgment obtained in a Justice's Court.

The judgment was obtained by Allen against Chase, upon an order of the Justice publishing the summons in the action. The order was obtained upon the affidavit of Allen ; the substance of which is set out in the opinion of the Court. Defendant Chase had judgment in the Court below, and Allen, one of the defendants to the bill, appealed to this Court.

*H. Allen* for Appellant.

*Whitman & Wells* for Respondent.

Respondent submits that the primary point to be settled in this case is—Was the judgment of the Justice of the Peace, in favor of H. Allen, and against M. S. Chase, valid ?

Respondent contends that it was a nullity, and void. This point settled in favor of respondent, disposes of the case decided against him.

1st. Justices of the Peace cannot take any jurisdiction by implication. Van Elten *v.* Jilson, 6 Cal. Rep., p. 19.

2d. In favor of the jurisdiction of a Justice of the Peace nothing can be implied. Everything to confer jurisdiction must be affirmatively shown. Whitwell *v.* Barbour, 7 Cal. Rep., p. 64.

3d. No presumptions of law are made in favor of the regularity of proceedings of Courts, or officers of special or limited jurisdiction, or of proceedings unknown or contrary to the common law, even when taken by Courts of general jurisdiction ; these parts of the statute, which are essential to jurisdiction, must be shown to have been strictly pursued, or the proceedings will be held to be a nullity. Thatcher *v.* Powell, 6 Wheaton, 189 ; Denning *v.* Corwin, 11 Wend. 651 ; Eartleman *v.* Jones, 2 Yerger, 493 ; Holmes *v.* Broughton, 10 Wend. 75 ; Mills *v.* Martin, 19 Johns. 34 ; Hall *v.* Howe, 10 Conn. 520 ; Starr *v.* Scott, 8 Conn. 480.

Such being the law, does appellant, by his proof, bring himself within its requirements ? He introduces what purports to be the Jus-

Swain & Marsh v. Chase.

tice's Docket of R. A. Madison, said to be a Justice of the Peace of Contra Costra county. This is no proof; it is not, in any manner, authenticated. It is not signed by the Justice, nor are the entries certified by the Justice, or his successor in office, to be correct, as provided by statute. See Practice Act, sec. 605.

If, however, it be proof of anything, does it prove that personal jurisdiction was ever obtained of respondent Chase, or any service on him, actually or by implication of law.

It fails in that it does not appear either that the person upon whom service is to be made, resides out of the State, or has departed from the State, or cannot, after due diligence, be found within the State, or conceals himself, to avoid the service of summons.

TERRY, C, J., delivered the opinion of the Court—BALDWIN, J., concurring.

The proceedings taken in the Justice's Court, in the suit of Allen v. Chase, were not sufficient to give the Court jurisdiction of defendant.

An attempt seems to have been made to procure service by publication; but it does not appear that the provisions of the statute were complied with. The affidavit on which the order of publication was issued, states, that defendant Chase could not, after due diligence, be found in the County of Contra Costa; that he had inquired of one Fogg, who was an intimate friend of Chase, as to his whereabouts; that Fogg was unable to inform him, and that plaintiff did not know where Chase could be found within the State.

The statute authorizes service by publication, when the party to be served resides out of the State, or has departed from the State, or cannot, after due diligence, be found within the State, or conceals himself to avoid the service of summons, and the fact shall appear by affidavit, etc.

The affidavit of Allen does not show that Chase had left the State, or that any diligence has been used to ascertain his whereabouts, beyond inquiring of a single individual, and there is no pretense that he was concealing himself to avoid service. It was wholly insufficient to authorize the order of publication.

The law presumes nothing in favor of the jurisdiction of Justices'

Courts; and a party who asserts a right, under the judgment of a Justice, must affirmatively show every fact necessary to confer such jurisdiction.    Van Elten v. Jilson, 6 Cal. 19 ; Whitwell v. Barbour, 7 Cal. 64.

Judgment affirmed.