Rowley *v.* Howard.

23  401
86  398
23  401
f135  68

## ROWLEY, EXECUTOR, ETC., *v.* HOWARD *et al.*

THE return of a Deputy Sheriff, on a process served, is a nullity, unless made in the name of the Sheriff.

The jurisdiction of Justices' Courts is special and limited, and the law presumes nothing in favor of their jurisdiction. A party who asserts a right under a judgment rendered in a Justice's Court, must show affirmatively every fact necessary to give the Court jurisdiction to render such judgment.

The acts in relation to the collection of delinquent taxes, which compel the defendant to verify his answer, do not change the rule in the forty-sixth section of the Practice Act, "that where the complaint is not verified, a general denial of its allegation in the answer will put in issue all its material allegations."

A summons was served by a Deputy Sheriff, and returned with the following signature to the return: "Elijah T. Cole, D. S." Judgment was rendered by default: *held,* that the judgment was null and void, for want of jurisdiction.

Rowley v. Howard.

The general rule applicable to all judgments is, that they cannot be impeached in a collateral action, for errors or irregularities, but may be for want of jurisdiction.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The plaintiff recovered judgment in the Court below, and the defendants appealed. The other facts are stated in the opinion of the Court.

*A. P. Catlin*, for Appellants.

The judgment before the Justice was void, for want of jurisdiction of the person of the defendant.

*Winans & Hyer* and *W. S. Wood*, for Respondent.

A judgment by default, where summons has been served on defendant, cannot be attacked collaterally, for a mere irregularity of service, or for a defective return. (*Dorente* v. *Sullivan*, 7 Cal. 279; *Crane* v. *Brannan*, 3 Id. 193; *Webb* v. *Harrison*, Id. 65.) The service of summons was sufficient.

The rule laid down in *Joyce* v. *Joyce* (5 Cal. 449), on which appellants relied to show that the service on Young was defective, is overruled in *Touchard* v. *Crow* (20 Cal. 150); in which case it is decided that a Deputy County Clerk may take acknowledgments —holding a deputy to possess the same powers as the principal. The statutes in reference to County Clerks and their deputies, and Sheriffs and their deputies being similar, the same rule will obtain as to the powers possessed by each.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an·action to recover the possession of a lot in the town of Folsom. The plaintiff claims title under a tax deed, executed by the Sheriff, in pursuance of a sale under an execution issued out of the District Court, upon a judgment for taxes, rendered in a Justice's Court by default. The judgment was rendered, and the proceedings had, under and in pursuance of a statute of this State, entitled " An Act to provide for the collection of Delinquent

Taxes in the City and County of Sacramento," approved April 3d, 1860.  (Stat. 1860, 139.)  The return of the service of the summons issued in the action for taxes is signed " Elijah T. Cole, D. S.;" and it is objected that this return is insufficient to give the Court jurisdiction, or to authorize him to enter a judgment by default.  This objection is well taken.  In *Joyce* v. *Joyce* (5 Cal. 449) it was held, that such a return was insufficient to prove service ; and that the act and return of a deputy is a nullity, unless done in the name and by the authority of the Sheriff.  And a similar principle was laid down in *Lewis* v. *Thompson* (3 Cal. 266). The jurisdiction of Justices' Courts being special and limited, the law presumes nothing in favor of their jurisdiction ; and a party who asserts a right under a judgment rendered in such Court, must show affirmatively every fact necessary to confer such jurisdiction. (*Swain* v. *Chase*, 12 Cal. 283 ; *Whitwell* v. *Barbier*, 7 Id. 64 ; *Lowe* v. *Alexander*, 15 Id. 296.)

The respondent, in reply to this point, contends that as the complaint alleges that " said judgment was duly and lawfully recovered in manner and form prescribed by law," and as this averment is not specifically denied in the answer, therefore it is admitted.  The complaint is not verified, and the answer denies generally the allegations of the complaint.  This averment cannot, therefore, be held as admitted.  It is true, that the act in question requires the answer to be verified ; but this does not change the rule established by Sec. 46 of the Practice Act.  The statute also provides that " any deed derived from a sale of real property, under this act, shall be conclusive evidence of title, except as against actual frauds, or prepayment of the taxes, and shall entitle the holder thereof to a writ of assistance, from the District Court, to obtain possession of such property."  The respondent contends that this statute precludes the appellant from making the objection.  In the case of *Mills* v. *Tukey* (22 Cal. 373), this clause of the statute was considered on an appeal from an order granting a writ of assistance ; but in that case the Court founded its decision upon the fact that " the sale was made on a judgment regularly obtained," and therefore is not authority upon the question now before us, where the judgment is null and void for want of jurisdiction.  The

plaintiff introduced the papers in evidence, showing the proceedings before the Justice, in support of his title, and they show the invalidity of the judgment. The plaintiff, therefore, proved the invalidity of his own claim of title ; and the statute does not preclude the defendant from taking the benefit of an objection thus shown.

It is further urged, by the respondent, that the judgment of the Justice cannot be impeached in this collateral action—citing numerous cases in support of the position. But that rule applies more particularly to the judgments of the superior Courts of general original jurisdiction, and not to inferior Courts of special and limited jurisdiction, like that of a Justice of the Peace. In the former, all presumptions are in favor of their jurisdiction ; and their want of jurisdiction must be proved. In the latter, the presumption is against their jurisdiction ; and therefore it must be affirmatively shown. (*Alderson* v. *Bell*, 9 Cal. 315 ; *Dorente* v. *Sullivan*, 7 Id. 279.) The general rule applicable to all judgments, is that they cannot be impeached in a collateral action for errors or irregularities, but may for want of jurisdiction. (*The Chemung Canal Bank* v. *Judson*, 4 Selden, 254 ; 2 Phillips' Ev., C. H. & E.'s Notes, 109, 65, 188.) This objection is fatal to the plaintiff's claim of title ; and the Court below erred in overruling it.

The judgment is reversed, and the cause remanded.