[No. 4234.]

## JOSIAH H. WHITE *v.* SAN RAFAEL AND SAN QUENTIN RAILROAD COMPANY.

OBJECTIONS TO THE ANSWER.—If a cause is tried upon the theory that the answer denies the allegations of the complaint, the plaintiff will not be permitted to raise the objection, in the Supreme Court, that the answer is insufficient in this respect.

CONTRACT TO BUILD RAILROAD.—If a contract with a railroad company for constructing its road provides that the contractor shall not deviate from the contract, nor receive any pay for extra work, unless a written order for the same is made and signed by the engineer, the contractor cannot recover for extra work done on the verbal order of the engineer, even if there is another clause in the contract which provides that the engineer may direct alterations in and additions to the work.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The defendant was a corporation, and contracted in writing with the plaintiff, on the 2d day of August, 1869, to construct for the defendant a railroad from San Quentin, on the Bay of San Francisco, to San Rafael, a distance of three miles and forty-eight and one-half chains. The plaintiff, on the verbal order of the engineer, performed extra work, not

embraced in his contract, of the value of three thousand nine hundred and twenty-three dollars, and for which the engineer refused to give him a certificate when a settlement was made. The defendant refused to pay for such extra work. Upon proof of above facts, the defendant moved the court for a nonsuit, on the ground "that the work shown to have been done, was extra work, not called for by the contract, and that plaintiff had failed to show any written sanction or authority or direction from the defendant's engineer for any deviation from, or alteration of the contract, or for the extra work—compensation for which is sought by the complaint."

The contract contained the following clauses:

"No deviation from any of the provisions of this contract, specification or drawings, will be permitted, unless with the sanction in writing of the engineer; nor will any claim of extra work be allowed under any pretense, unless a written order for the same by the engineer can be produced."

"It is to be distinctly understood that the engineer shall have full liberty under the contract to increase or diminish the slopes of cuttings and embankments; to alter the position or dimensions of culverts or drains from those marked on the profile, and he may at all times direct that there shall be made any alterations in, additions to, or deductions from any of the works hereinafter described or referred to, and which alterations in, additions to, or deductions from, and all modifications of every kind whatsoever in the amount and character of the work contracted for, shall be valued and estimated according to the schedule of prices filled up by the contractor, and agreed to by the engineer."

The court denied the motion, and rendered judgment for the plaintiff. The defendant appealed.

*Sidney V. Smith & Son*, for the Appellant.

Where the contract contains express provisions that no allowance shall be made against the company for extra work, unless directed in writing, under the hand of the engineer, or some other person designated, the party who

performs extra work upon the assurance of any agent of the company that it will be allowed by the company, without the requisite formality, must look to the agent for compensation, and cannot recover of the company, either at law or in equity. (1 Redfield on Railways, 4th ed. 411; *Kirk* v. *The Guardians, etc.*, 2 Phil. 640; *Thayer* v. *Vermont Central R. W.*, 24 Vt. 440; *Herrick* v. *Same*, 27 Vt. 673; *Vanderwerker* v. *Same*, 27 Vt. 125; *Homersham* v. *Wolverhampton W. W. Co.*, 6 Exch. 137.)

*Wilson & Wilson, and W. W. Cope*, for the Respondent.

So far as the motion for nonsuit is concerned, a decisive answer to the point is, that no issue was presented upon the question by the pleadings. The allegation of the complaint that the work was performed in pursuance of the contract, is not denied in such a manner as to put the plaintiff upon proof of the fact.

If the provision about extra work stood alone, there might be some foundation for the objection; but the clause in regard to alterations and additions shows very clearly that the provision as to deviations and extra work was not intended as a limitation upon the power of the engineer, nor as a restriction upon the rights of the plaintiff in respect to work expressly required by the engineer for the benefit of the defendant.

By the Court:

1. The respondent cannot be permitted to point to the defects in the answer of the defendant, real or supposed, as precluding the defendant from objections, otherwise well made, to the admissibility of evidence offered at the trial. The case seems to have been tried upon the supposition that the answer presented a sufficient denial to the allegations of the complaint; and to raise the objection for the first time in this Court is too late. Substantial justice requires that such objections, if intended to be relied on, should be taken below, where an amendment may be made.

2. And we are of opinion that it was well objected by the defendant at the trial, that the plaintiff had failed to produce

a written order by the engineer for the extra work in controversy. One of the stipulations of the contract is as follows: "No deviation from any of the provisions of this contract, specifications or drawings will be permitted, unless with the sanction in writing of the engineer, nor will any claim of extra work be allowed under any pretense, unless a written order for the same by the engineer can be produced."

We see nothing inequitable or unreasonable in such a stipulation. It was intended for the protection of the company against doubtful claims. The plaintiff was a party to it, and might, had he chosen to do so, have complied with it by demanding of the engineer the requisite order in writing before doing the work. The other clause in the contract, relied upon in argument by the respondent, to the effect that the engineer might direct alterations, additions, etc., is not opposed to this view. This authority of the engineer may be admitted, and is entirely consistent with the requirement that his definitive action shall be evidenced by writing.

It is claimed, too, that this requirement had been waived by the previous course of dealing between the parties to the contract, by which it appears, as it is alleged, that the defendant had theretofore paid for extra work done upon the mere verbal order of the engineer. But this suggestion seems to be wholly without support in the record.

Judgment and order denying a new trial reversed, and cause remanded for a new trial.