IN THE MATTER OF CATHERINE WISEMAN, PRAYING FOR A WRIT OF *Habeas Corpus* AND DISCHARGE FROM IMPRISONMENT UNDER SENTENCE BY JETER CLINTON, ONE OF THE ALDERMEN OF SALT LAKE.

1. A person Elected as Alderman in the City of Salt Lake, solely as such, is not and cannot be a Justice of the Peace by the simple act of qualifying as such.
2. Pleadings before a Justice of the Peace must contain all the material qualities of a Common Law Pleading, and an "Information," or complaint, must show affirmatively that a crime has been committed.
3. The Record of a Justice of the Peace, where the official character or judicial power of such Justice is called in question, must affirmatively show the Jurisdiction of the Court.

The facts are stated in the opinion.

*Judge Earll* and *Governor Johnson* for petitioner.

*Judge Snow* for the prosecution.

No Briefs on file.

HAWLEY, J.

The question of fact and law involved in this case is:

*First*—Did the Court below, or the Alderman who sentenced the petitioner to prison, have jurisdiction ?

*Second*—Are the proceedings upon their face sufficient in substance, in the nature of the case, adjudicated by the Alderman ?

If the Alderman has no judicial power, that ends the matter, and the prisoner must be discharged. If the Alderman has jurisdiction, yet if there is no crime shown to have been committed, or, if the process under which the prisoner is held is void of legal force, for want of materiality in the specific charge of the crime intended to be embraced in the pleadings, then she must be discharged. When I called Judge Snow's attention to these points, I hoped he would discuss them fully. The authorities presented by Judge Snow are recognized as good law upon the several points upon which they treat.

As to the question of the jurisdiction of Jeter Clinton. elected as an Alderman, of the case, it must be decided under the Territorial Statute, construed under the Organic Act.

By Section Nine of the Organic Act, Justices of the Peace Courts constituted a part of the Judicial system of Utah Territory.

By Section Seven of the Organic Act, all Townships, Districts and County Officers, not otherwise provided for, must be appointed or elected. in such manner as shall be provided by the Governor and Legislative Assembly.

In pursuance of this delegated authority, the Governor and Legislative Assembly, by Section One, Chapter Three, of the Statute, have provided, ".That each precinct" in this Territory "shall elect one Justice of the Peace."

A Precinct in this Territory answers to a Township. The office of Justice of the Peace, in this Territory, by he rightful legislation of the Governor and Legislative Assembly, is made a Township or Precinct office, and is to be filled by the qualified voters of such Township or Precinct, by an election by them. No other electors except those in the Precinct have a right to vote for a

Justice of the Peace ; for all others are by the law excluded from participating therein. The right to vote for and the election of a Justice of the Peace are vested in the qualified voters of each Precinct in the Territory.

The Aldermen of this city are elected as Aldermen by the qualified voters of and within the city, which embraces five Precincts. And they are elected as Aldermen. To be qualified to serve as Aldermen, it is not necessary for them to qualify as Justices of the Peace. If an Alderman, who is elected solely as such, by qualifying as a Justice of the Peace, is thereby clothed with the jurisdictional powers of a Justice of the Peace, then it would be incumbent on the prosecution to show that he was so elected and had so qualified. This Court, in the matter of inquiry now before it, cannot presume without legal evidence, that Jeter Clinton was elected as Alderman, or that he has qualified as a Justice of the Peace; and there is no evidence of this kind even tending to show this, before the Court. A Justice of the Peace even, in every case when his official character or judicial powers are called in question, must in all his proceedings show his jurisdiction. Not so with a Court of superior jurisdiction, with full common law and chancery powers.

I have no doubt that it would be competent for the electors of any given precinct, within the city limits, to elect one of the Aldermen residing there a Justice of the Peace ; and that in such case he would be qualified to hold the office of Justice of the Peace as well as Alderman. From the law, under the Organic Act, I must conclude, as did the Supreme Court in the case of Englebrecht et al., v. Jeter Clinton, that an Alderman, elected solely as such, is not and can not be a Justice of the Peace by the simple act of qualifying as such.

Second—As to the question whether the proceedings before Clinton, as Alderman and ex-officio Justice of the Peace, are sufficient in substance and form, I will say, that by Sec. 5, Chap. 3, of the Territorial Statute, "all criminal actions for the commission of public offences, may be commenced before a Justice of the Peace, by in-

formation duly subscribed and sworn to and filed with the Justice."

By Section 512 of the Code, it is provided that, " Actions in Justices of the Peace Courts shall be commenced by filing a copy of the account," &c., or a concise statement in writing, &c., and the issuance of summons thereon," &c.  By Section 515, it is provided that, " When the summons is accompanied by an order of arrest," &c., " it shall be returnable immediately."  By Section 518 of the Code, it is also provided that, " In an action for a fine or penalty," etc., the action must be commenced " in a fiduciary capacity."  This " information," " or concise statement in writing, of the cause of action," are in the place of the ordinary pleading at common law, and must contain all the material qualities of a common law pleading ; or in other words, it must show affirmatively that a crime has been committed, when, where and by whom committed; and if it is for the recovery of a penalty for a violation of a City or Municipal ordinance, it must set forth the ordinance, and claim the specific penalty therein fixed.  This is needful, as a protection to persons charged with crime, that he or she shall not be liable or made liable more than once for the same offence.

This action was for a penalty commenced in the name of Salt Lake City, and without any pleading required by law.  By Section 116, of Chapter 22, of the Statute, it is provided that, " All criminal prosecutions shall be commenced and carried on in the name of " The People of the United States in the Territory of Utah."  There is no pretence that this requirement has been complied with ; and it must be commenced "in a fiduciary capacity."  None of these statutory requirements, or rules of pleading were observed, nor was there an "information," " or concise statement in writing of the cause of action" in either substance or form.

By Section 507 of the Code, it is also provided that all " Justices' Courts shall be held in their respective precincts."  This requirement is not shown to have been

observed. Under this statute a Justice of the Peace can not hold his Court out of his Precinct. To what Precinct Alderman Clinton belongs does not appear, nor whether he held his Court in his Precinct or not. Therefore, even if Jeter Clinton was a Justice of the Peace, the proceedings of this case before him are found to be wholly insufficient in both form and substance, and to be without authority of law.

As to whether or not the Governor and Legislative Assembly can delegate the legislative powers reposed in them by the Congress of the United States, under the Organic Act, is not material to decide the question involved in the case now before me ; and, inasmuch as this question is of great moment, I shall not express any opinion upon it at this time, nor until a thorough investigation of it. There is a consideration, however, that has not been attended to by counsel in their arguments. The Organic Act provides that "all Acts passed by the Governor and Legislative Assembly shall be submitted to the Congress of the United States, and if disapproved by Congress, shall be null and of no effect." If the Governor and Legislative Assembly can avoid this duty by farming out their legislative powers, to Municipal Corporations of their own creation, they then can thereby dispose of the entire legislation of the Territory, and take from Congress all power to review or disapprove of the legislation thus enacted. But as we have before said, this is too grave a question for a summary opinion, I will therefore merely call the attention of counsel to it.

In deciding and in disposing of the question before me, I have only to repeat the decision of the Engelbrecht case, that an Alderman of Salt Lake City is not a Justice of the Peace, by virtue of his election as an Alderman. There is no evidence showing that Jeter Clinton is an Alderman, or that he has qualified as a Justice of the Peace. The prisoner must be, and accordingly is discharged from her imprisonment. But if a proper complaint is made, and cause shown by the prosecution, that she has been guilty of a crime known to the law, I will

hold the prisoner to answer to the charge before the District Court.

Note.—No. 2. See 16 Cal., 374. 13 ib. 599. 6 Cal., 66. Ib. 162. 20 Cal., 280.

No. 3. 15 Cal. 296. 16 Cal. 392. 17 ib. 297. 23 Cal. 403. 7 Cal. 64. 12 Cal. 283.

Judicial Notice of who are Officers—See 44 Cal. 213. 15 Cal. 53. 32 Cal. 106.