[Department One.—June 6, 1883.]

MARY KANE, RESPONDENT, *v.* THOMAS DESMOND, SHERIFF ETC., APPELLANT.

GIFT — HUSBAND AND WIFE. — A verbal gift of personal property — a piano — by a husband to his wife, is valid as between the parties, the piano being delivered to and continuously used by the wife as her property. Such a gift would be void as to existing creditors of the husband, but in the absence of evidence that the husband was indebted at the time, there is no presumption of its invalidity as to subsequent creditors.

SEIZURE UNDER EXECUTION — JUSTIFICATION OF THE OFFICER. — Where property of the wife is seized under an execution against the husband, the officer is not in a position to justify the seizure, unless, in addition to the execution, he also produces the judgment on which it was issued.

JUDGMENT — JUSTICE OF THE PEACE. — In order to support a judgment rendered by a justice of the peace, whose jurisdiction is special and limited, the jurisdictional facts must be shown. There is no presumption in favor of the jurisdiction. An entry in the docket of the justice to the effect that the summons was returned served, does not show such a service as the law required to give jurisdiction of the person.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The defendant was sheriff of the city and county of San Francisco, and the action was brought to recover the property or its value. The additional facts are sufficiently stated in the opinion of the court.

*H. C. Firebaugh,* for Appellant.

*H. G. Sieberst,* for Respondent.

McKEE, J.—The defendant seized the piano in controversy in this case from the possession of the plaintiff, by an execution, issued in favor of *A. L. Day* v. *Thomas Kane,* and sold it at execution sale as the property of Kane to satisfy the execution. Thomas Kane was the husband of the plaintiff. On the trial of the case the court found the plaintiff was, at the time of the seizure and sale, the sole and exclusive owner of the property in her own right, and entitled to its possession, and that her husband had no right or title to it. The seizure of the property was, therefore, wrongful (*Wellman* v. *English,* 38 Cal. 583;

*Lewis* v. *Johns*, 34 Cal. 629; *Van Pelt* v. *Littler*, 14 Cal. 194), and the plaintiff was entitled to recover.

But the finding is attacked as against the law and the evidence, in this, that the evidence showed the plaintiff's claim of title to the property was founded on a gift from her husband, which was void as to his creditors. But it does not appear that the husband was indebted to any one at the time of the gift, except to the person from whom he had rented the piano under an agreement to purchase it on the instalment plan. Being free from debt the husband had the right to transfer his interest in the property to his wife by gift, and the wife, under the law, had the capacity to take and hold it in her own name and right. (*Dow* v. *Gould & Curry S. M. Co.* 31 Cal. 629; *Woods* v. *Whitney*, 42 Cal. 358; *Higgins* v. *Higgins*, 46 Cal. 259; *Peck* v. *Brummagim*, 31 Cal. 440.) The gift was complete; for the evidence tended to show that immediately after the husband had rented the piano under the agreement to purchase, he delivered it to his wife as a gift, and she accepted it, and used it continuously as her separate property until the time of the seizure. Now this transfer by gift was valid and effectual between herself and her husband and all the world, except existing creditors and *bona fide* subsequent purchasers without notice. There was no proof that Day — the execution creditor — was a creditor of the husband at the time of the gift, and there is no presumption that the gift was void as to him as a subsequent creditor. (*Wells* v. *Stout*, 9 Cal. 480; *Hussey* v. *Castle*, 41 Cal. 239.)

Presumptively, therefore, the gift was valid as between the parties; and, being valid, it vested in the plaintiff, as of her own right, whatever interest her husband had in the property. It was, therefore, her separate property; and the transaction by which she acquired it cannot be attacked as fraudulent and void as to subsequent creditors, except by such a creditor or an officer representing him. Here, however, the suit is not against one who claims to be a creditor; it is against the officer who levied the execution. But an officer, who seizes the separate property of the wife by an execution against her husband, is not the representative of the execution creditor, for the purpose of attacking a legal transfer to the wife, unless he produces the judgment upon which the execution was issued. It is well settled that,

where an officer is sued for seizing or selling the property of one under an execution against another, he must, in order to show that the transfer of the property by the execution debtor was fraudulent and void as to the execution creditor, prove not only the issuing of the execution, the levy, and that he was a creditor, but also the *rendition* of a judgment upon his debt, and that the execution was issued upon the judgment. (*Bickerstaff* v. *Doub*, 19 Cal. 109; 2 Hilliard on Torts, 544; *Ames* v. *Sturtevant*, 2 Allen, 583; *Martin* v. *Padger*, 5 Burr. 2633; *Lake* v. *Billers*, 1 Raym. Ld. 733.)

It was admitted that the defendant seized the property under color of the execution in his hands. The execution itself showed that it was issued by a justice of the peace of the city and county of San Francisco; but there was no proof that it had been issued on a judgment rendered by him or any other justice. The docket of the justice was given in evidence, but that contained only the following recitals: "No. 2241. *A. L. Day* v. *John Kane*, Leman, Justice; suit for $296.81 goods sold. The date of the case, September 16, 1880. September 17th, return served summons; 23d, case called, plaintiff appearing by *H. C. Firebaugh*, and the defendant failing to answer, the plaintiff has default and judgment entered against defendant, $296.81, and $6.50 costs. Signed Walter M. Leman, Justice of the Peace. Dated 23d September, 1880. October 11th, execution issued at request of plaintiff's attorney, returnable in 60 days." These recitals do not show that the justice acquired jurisdiction of the person of the defendant. According to the act concerning the Justices' Court of the city and county of San Francisco, approved April 3, 1876 (Statutes 1875-76, page 855), the summons issued from a Justices' Court had to be served and returned as provided in title v., part ii., of the Code of Civil Procedure; and until served according to the provisions of section 410 of that title the court was not deemed to have acquired jurisdiction of the defendant. There was no appearance by the defendant; the judgment purports to have been rendered by default; and the mere recital in the docket, viz.: "September 17th — Return served summons," affords no proof of the jurisdictional facts necessary to support the judgment — it is of no weight as proof of the proper service of the summons. "The

jurisdiction of Justices' Courts being special and limited, the law presumes nothing in favor of their jurisdiction, and a party, who asserts a right under a judgment rendered in such court, must show affirmatively every fact necessary to confer such jurisdiction." (*Rowley* v. *Howard*, 23 Cal. 401; *Lowe* v. *Alexander*, 15 Cal. 296; *Jolley* v. *Foltz*, 34 Cal. 321.)

Judgment and order affirmed.

McKINSTRY, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.