[Sac. No. 577.    Department One.—May 3, 1899.]

A. G. FISK et al., Executors, etc., Respondents, v. F. D. MITCHELL et al., Defendants; L. H. BROWN, Appellant.

ACTION ON JUDGMENT BY DEFAULT—JURISDICTION OF JUSTICE'S COURT—BURDEN OF PROOF.—In an action on a judgment by default rendered in the justice's court, the burden is upon the plaintiff to show affirmatively by competent evidence that the justice's court acquired jurisdiction to render the judgment sued upon.

ID.—PROOF OF SERVICE OF SUMMONS—RECITAL IN JUSTICE'S DOCKET.—Sections 911 and 912 of the Code of Civil Procedure do not make a recital in the justice's docket of the service of summons *prima facie* evidence of that fact. No provision is made for such recital; and it cannot establish jurisdiction of the person of the defendant, so as to sustain an action upon a judgment by default rendered in the justice's court.

APPEAL from a judgment of the Superior Court of Sacramento County.    Matt. F. Johnson, Judge.

The facts are stated in the opinion.

J. B. Devine, for Appellant.

Newman & Clayton, for Respondents.

BRITT, C.—Action on a judgment alleged to have been duly given and made in favor of plaintiffs' testator, in a suit by him against Mitchell and Brown, in the justice's court of the city and county of San Francisco.    Such judgment was taken by default upon failure of said defendants to appear in the justice's court.    By his answer in the present case Brown raised the issue whether said judgment was duly given and made. Upon this issue plaintiffs introduced in evidence an abstract of

the judgment itself, and also a transcript of the justice's docket entries pertaining thereto. Such entries showed the filing of a complaint by Asa Fisk, the testator, against the defendants, and that summons was issued; also the following: "May 26, 1892. Summons retd. served on defts. Mitchell and Brown, May 10 and 20, '92, and filed." There was no other proof that service of summons in that action was made. The court below, in this case, however, seems to have considered it sufficient, and rendered judgment for plaintiffs.

By section 911 of the Code of Civil Procedure, every justice is required to enter certain specified proceedings in his docket, and the next section (912) declares such entries to be *prima facie* evidence of the facts stated. The fault of plaintiffs' proof is that these sections do not require the fact of service of summons to be entered in the docket, and hence do not impart to such entry, if made, the character of *prima facie* evidence. The provision of section 911, relating to the summons, is merely that its date and the time of its return shall be stated in the docket. It follows that plaintiff failed to sustain the burden of showing affirmatively that the justice's court acquired jurisdiction to render the judgment sued on. (*Kane v. Desmond*, 63 Cal. 464.) The judgment appealed from should be reversed, with directions to the court below to grant a new trial.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed, with directions to the court below to grant a new trial.        Garoutte, J., Van Dyke, J., Harrison, J.