[Sac. No. 1461.    Department One.—January 23, 1908.]

THOMAS FERGUSON et al., Respondents, v. BASIN CON-
SOLIDATED MINES (a Corporation), Appellant.

MINING CLAIMS—TRESPASS—BOUNDARY LINE—EVIDENCE—INADMISSIBLE
DECLARATIONS OF SUPERINTENDENT OF MINE.—In an action to
recover damages for alleged trespass by defendant on plaintiffs'
mining claims, and the removal of gold-bearing earth there-
from, where the location of plaintiffs' boundary line is in-
volved, it was error to admit in evidence for the plaintiffs the
declarations of the superintendent of defendant's mine, tending to
support plaintiffs' contention as to the location of the boundary
line, without any showing as to the extent of his authority beyond
the mere fact that he was superintendent in charge of defendant's
mine.

ID.—FACTS NOT AFFECTING INADMISSIBILITY—INTEREST IN PLAINTIFFS'
MINE—TRANSFER OF MINE TO DEFENDANT—DECLARATIONS AFTER
TRANSFER.—The inadmissibility of the declarations of the super-
intendent of the defendant's mine cannot be affected by the fact
that he claimed an interest in plaintiffs' mine adverse to the de-
fendant, nor by the fact that he had conveyed to the defendant
the mine worked by it, where the declarations were made after such
transfer, and not while he was holding the title transferred.

ID.—TITLE OF PLAINTIFFS UNDER EXECUTION FROM JUSTICE'S COURT—
JURISDICTION TO SERVE SUMMONS OUT OF COUNTY—RECITAL IN
DOCKET.—Where plaintiffs claimed title to their mine under a sale
on execution from a justice's court, and the summons was served out
of the county, the recital in the docket of the justice of the return
of service of such summons by the sheriff of another county, is no
evidence thereof, the justice not being required to recite the service
of summons in his docket.

ID.—AFFIRMATIVE SHOWING REQUIRED.—In order to sustain the limited
and special jurisdiction of the justice's court to render a judgment
by default upon service of a summons out of the county, an affirma-
tive showing must be made that a certificate was attached to the
summons by the county clerk that the person issuing it was at its
date an acting justice of the peace, and that such summons was
properly served.

APPEAL from a judgment of the Superior Court of
Placer County.    J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

Myrick & Deering, F. P. Tuttle, Henry G. Tandy, and T. W. Hubbard, for Appellant.

John M. Fulweiler and L. L. Chamberlain, for Respondents.

SLOSS, J.—The plaintiffs, claiming to be the owners and entitled to the possession of an undivided three fourths of a placer mining claim in Placer County, brought this action to recover damages from the defendant, which, it is alleged, unlawfully entered upon plaintiffs' ground and took therefrom gold-bearing earth and gravel of the value of five thousand dollars. The complaint asks judgment for three thousand seven hundred and fifty dollars, three fourths of the value of the earth and gravel so taken. The cause was tried without a jury, and the court, finding in favor of the plaintiffs' ownership as alleged, and that the defendant had entered and taken away earth and gravel of the value of $3,573.83, gave plaintiffs judgment for $2,679.77. The defendant appeals from the judgment and from an order denying its motion for a new trial.

1. The property claimed by plaintiffs is known as the Harkness claim. The defendant was in possession of ground lying to the north of the Harkness claim. Certain ground had been worked by the defendant, and the dispute between the parties was whether this ground lay north or south of the northerly boundary line of the Harkness claim. The contention of the plaintiffs was that their northerly boundary line ran north of the ground worked by the defendant, and that this ground was therefore included within their claim. The plaintiffs, after showing that one Whitney was superintendent of defendant's mine, were allowed to show, over proper objection by the defendant, that Whitney had made statements and admissions tending to support plaintiffs' contention as to the location of the boundary line. This was error. There was no showing of the extent of Whitney's authority beyond the fact that he was in charge of the defendant's property. An agent cannot bind his principal by declarations against the principal's interest, unless the making of such declarations is within the scope of the agent's authority. As superintendent in charge of a mine, Whitney had no authority to make any statements regarding the extent of the ground claimed or owned by his

principal, and any such statements, if made by him, were not binding upon the appellant. (*Walrath* v. *Champion Mining Co.,* 171 U. S. 293, [18 Sup. Ct. 909]; *Hartford Iron M. Co.* v. *Cambria M. Co.,* 80 Mich. 491, [45 N. W. 351]; see *O'Hara* v. *O'Brien,* 107 Cal. 309, [40 Pac. 423].) The question is not affected by the fact that Whitney asserted an interest in the Harkness mine, which was claimed not by his employer but by the plaintiffs. Such interest was, in relation to the present controversy, adverse to defendant and certainly could not authorize Whitney to bind his employer by declarations in his own favor and against the interest of the appellant. Nor are the statements of Whitney rendered admissible by reason of evidence that the defendant had acquired its title by conveyance from him. To be admissible against his grantee, the declarations of a predecessor in interest must have been made by him *while holding the title* (Code Civ. Proc., sec. 1849), and here the declarations of Whitney appear to have been made after his conveyance. Since these declarations went to support the contention of the appellant upon the very point in controversy,—i. e. whether the ground worked by the appellant was located within its claim or within that of the respondents,—it is clear that the admission of this testimony was prejudicial to the appellant and that the error so committed necessitates a new trial.

2. In view of the necessity for another trial, a point discussed by counsel may be briefly referred to. The plaintiffs offered evidence tending to show that in 1894 the title to the Harkness claim was in Harkness Gold Mining Company, a corporation. To deraign their title, the plaintiffs relied upon an execution sale following a judgment in the justice court of township number six of Placer County, against Harkness Gold Mining Company. The sale was to Spencer and Sellier, who conveyed to one Cusick, under whom the plaintiffs claim. It is urged by appellant that the court erred in admitting in evidence the certificate of sale and the deed issued by the constable to Spencer and Sellier pursuant to the execution sale, for the reason that the plaintiffs had failed to show that the justice court had acquired jurisdiction to render the judgment upon which the execution was based. It appears that all of the original papers in that action had been lost or destroyed. Plaintiffs offered in evidence the entries in the

justice's docket, which were, as the court stated, "admitted only for the purpose of showing those matters that may lawfully be entered in the justice's docket." The entry with reference to return of summons reads as follows:—

"1894, June 15. Summons returned as served in San Francisco, California, on the seventh day of June, 1894, by J. J. McDade, Sheriff of San Francisco Co., California, by J. J. Tiernan, Deputy Sheriff, on W. S. Chapman, President of the Harkness Gold Mining Co., the defendant therein named, by delivering to him personally, in the city and county of San Francisco, state of California, a copy of said summons attached to a copy of the complaint in said action."

No appearance having been made, judgment by default was rendered on the twenty-eighth day of June, 1894.

The entries required to be made in a justice's docket are *prima facie* evidence of the facts stated. (Code Civ. Proc., sec. 912. ) But the fact of the service of summons is not one of the matters required to be so entered (Code Civ. Proc., sec. 911), and the entry above quoted is therefore no evidence that the justice ever acquired jurisdiction to render the judgment upon which the execution was issued. (*Fisk* v. *Mitchell,* 124 Cal. 359, [57 Pac. 149].) The burden was upon plaintiffs, claiming under the judgment, to show that the justice had acquired jurisdiction. "The jurisdiction of justices' courts being special and limited, the law presumes nothing in favor of their jurisdiction, and a party who asserts a right under a judgment rendered in such court must show affirmatively every fact necessary to confer such jurisdiction." (*Rowley* v. *Howard,* 23 Cal. 401; *Lowe* v. *Alexander,* 15 Cal. 296; *Jolley* v. *Foltz,* 34 Cal. 321; *Kane* v. *Desmond,* 63 Cal. 464.) It was necessary, therefore, for the plaintiffs, who were founding their claim of title upon this judgment, to show affirmatively that the court had acquired jurisdiction to render the judgment. To do this it was necessary to show that the summons had been issued and served as required by law, and, if the summons was served outside of the county in which it was issued, it was necessary to show that there was attached to the summons the certificate of the county clerk that the person issuing the summons was, at its date, an acting justice of the peace. (Code Civ. Proc., sec. 849.) Without such certificate no valid service out of the county could be made.

Since in this case the only service attempted to be shown was one out of the county, the plaintiffs, in order to sustain the burden imposed upon them of proving "every fact necessary to confer jurisdiction," were bound to show that such certificate had been attached to the summons. It is argued that the testimony of Mr. Lardner, who had been the attorney for the plaintiffs in the action in the justice's court, is sufficient to show that the summons as served complied with this requirement of the law. It is further contended by the respondents that, even if this proof was not made, the appellant did not make a sufficiently specific objection to the admission in evidence of the certificate of sale and the execution deed based upon the judgment in question. Neither of these propositions need be discussed, since they are not likely to arise upon a new trial. What has been said on the subject is mentioned merely for the purpose of indicating to counsel that upon such new trial the plaintiffs, if they rely upon a judgment of the justice's court, must, as a part of their case, show that that court acquired jurisdiction over the defendant in the action.

It is unnecessary to consider the other points made.

The judgment and order appealed from are reversed.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.