[Civ. No. 967. Second Appellate District.—October 24, 1911.]

GEO. KRISTE and G. PERKACIN, Copartners Doing Business Under the Firm Name of GEORGE KRISTE & CO., Respondents, v. INTERNATIONAL SAVINGS AND EXCHANGE BANK, a Corporation, Appellant.

ACTION TO RECOVER BANK DEPOSIT—DEFENSE—PAYMENT UNDER EXECUTION FROM JUSTICE'S COURT—EVIDENCE—ERROR IN EXCLUDING JUSTICE'S DOCKET.—In an action to recover a bank deposit, in which the defense was pleaded that the deposit was levied upon under execution from a justice's court, and that payment of the same was made to the constable levying the writ, it was error for the court to exclude the justice's docket, which is *prima facie* evidence of the facts stated, and is required to show the title of the action, which would disclose whether the plaintiffs were defendants in the justice's court, and also the amount of the claim, a minute of the pleadings, and the judgment of the court, which was a necessary part of defendant's preliminary proof.

ID.—ADDITIONAL PROOF — SERVICE OF SUMMONS—LOSS—EVIDENCE OF JUSTICE'S CLERK—ERROR.—In addition to the justice's docket, proof was required, in support of the judgment rendered by the justice, to show that service had been made of the summons. Where it appeared that there was no summons on file in the justice's court, and that it had been lost, the justice's clerk was a competent witness by whom to prove the issuance and service thereof, and the court erred in excluding questions as to whether he knew that the summons was issued, and as to the contents of the summons.

ID.—FINDINGS RELATIVE TO DEFENSE — UNSUPPORTED FINDING AS TO NONIDENTITY OF PARTIES—IDEM SONANS.—Where the court found in relation to the defense pleaded in the answer that an action was brought in the justice's court against "Geo. Christe and Geo. Perkochin," that judgment was rendered therein and execution issued thereon, and that the defendant paid to the constable the amount of the plaintiffs' deposit, but found against the identity of the parties, and that the defendants in that action were not the plaintiffs in this, it is held that the latter finding is unsustained by proof that the names of defendants therein were spelled "Christe" and "Prkachin," while the true names of the plaintiffs are spelled "Kriste" and "Perkacin," since the names so differently spelled are of such similar sound as to make the rule of *idem sonans* applicable.

ID.—FINDING AGAINST IDENTITY WHOLLY UNSUPPORTED—ABSENCE OF EVIDENCE BY PLAINTIFFS—JUSTICE'S RECORD PRIMA FACIE EVIDENCE.—Where there is no evidence on behalf of plaintiffs to show that they were not the same persons as those sued in the justice's court, and the justice's record is *prima facie* evidence that the parties were the same, the finding of the court that the parties were not the same is against the evidence, and wholly unsupported.

ID.—OBJECTION TO PLEADING OF DEFENSE UPON APPEAL—WAIVER.— Where no objection appears from the record on appeal to have been taken in the trial court as to the sufficiency of the answer of the defendant whenever the judgment of the justice's court was attempted to be pleaded, and it seems to have been treated by all parties as a sufficient statement of the facts therein set out, the respondents cannot urge for the first time upon appeal that this plea was insufficiently alleged.

ID.—DEPOSIT OF INDORSED TIME CHECKS BY PLAINTIFFS IN DEFENDANT BANK—DELAY TO GIVE NOTICE OF DISHONOR—LIABILITY OF BANK. Where plaintiffs were the indorsees of negotiable time-checks, deposited in defendant bank, and by its delay of over one month in giving to plaintiffs notice of their dishonor they lost their right to proceed against their indorser, the owner of the paper has been *prima facie* injured to the amount of the face of the paper, founded on the presumption that the indorser was solvent. If the fact is otherwise, it may be shown in reducing the damages.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Robert A. Todd, for Appellant.

Leonard B. Slosson, for Respondents.

JAMES, J.—This action was brought by plaintiffs upon two alleged demands against defendant, the first being to recover the sum of $306.50, money alleged to have been deposited with defendant bank and which the latter had refused to repay the plaintiffs; the second being for the sum of $126, as damages alleged to have been suffered by plaintiffs because of the failure of defendant to give seasonable notice to the plaintiffs of the dishonor of certain negotiable instruments in the form of time-checks, which had been indorsed to defendant for the purpose of collection. The judgment was in favor of the plaintiffs on both counts of their complaint, and this appeal is taken from that judgment, and also from an order denying a motion for a new trial.

In answering the first cause of action alleged by the plaintiffs, defendant admitted that the sum of money first claimed had been deposited with it in the usual course of its banking business and placed to the credit of plaintiffs. It was then set out by way of special defense that this credit had been levied upon under writ of execution issued on a judgment of the justice's court of Los Angeles township in an action brought by one Brodzevich against the plaintiffs, and that the full amount deposited had been paid to the constable holding such writ, upon his demand. At the trial, for the purpose of establishing this defense, the defendant called the clerk of the justice's court as a witness, who produced the docket of the justice and the files in the justice court action. The docket record was then offered in evidence, but upon a general objection being made by plaintiffs that this offered record was incompetent, irrelevant and immaterial, the court refused to allow the evidence to be received. The bill of exceptions shows that, after the offer had been made, the trial judge examined the record. The bill of exceptions then proceeds: "The Court: I find no summons here. Defendant's Attorney: The summons is not there, Judge; it's gone. The Court: There is a complaint and execution. Thereupon the court sustained the plaintiffs' objection to the question aforesaid propounded to the witness and as corrected by the court,

to wit: 'Q. Now, you have the docket. Will you please read the court the docket in the case?' and refused to permit the justice's docket to be introduced and read in evidence.'' The witness was allowed to testify that he knew that a summons in the justice court case had been returned, and that since its return it had been lost; that he had made a diligent search, but could not find it. This witness was asked several questions to which objections were made and sustained by the court. Among these questions was the following: ''Now, Mr. Clerk, what day was that summons issued?'' The court after sustaining an objection to this question remarked: ''If you are going to prove a lost summons you will have to prove its contents by somebody who saw it and remembers its contents.'' Counsel for defendant then proceeded with the following questions: ''Well, do you know whether on the seventh day of March of this year, in the case of Mike Brodzevich against George Christe and Prkachin a summons was issued?'' ''Do you know what the contents of that summons was, if one was issued?'' To each question objection made by the plaintiffs was sustained. The writ of execution as issued on the justice court judgment was allowed in evidence by the trial judge, and, so far as the bill of exceptions shows, this writ was the only document of the files of the justice's court which was permitted to be introduced in evidence, and there was no testimony, other than that stated, which referred to that action. Such was the state of the evidence with reference to the first cause of action when defendant rested, and the plaintiffs offered no testimony of any sort in rebuttal. If it appeared from the docket record of the justice referred to that the action in which judgment was rendered and the execution mentioned had issued was an action in which the plaintiffs here were defendants, then such record was admissible in evidence. Section 911 of the Code of Civil Procedure prescribes what entries shall be made in a justice's docket, and section 912 of the same code provides that such entries, or a transcript thereof, certified by the justice, are *prima facie* evidence of the facts stated. In the entries required to be made in a justice's court docket is a statement of the title of the action, the amount of the claim, a minute of the pleadings, and the judgment of the court. As a part

of its preliminary proof, defendant was entitled to have the docket record received in evidence. Of course, this record would not furnish complete proof in support of the judgment rendered by the justice until proof had been made of service of summons. (*Rowley* v. *Howard,* 23 Cal. 401; *Fisk* v. *Mitchell,* 124 Cal. 359, [57 Pac. 149]; *Kane* v. *Desmond,* 63 Cal. 464, and cases therein cited.) It having appeared that the summons in the justice court action had been lost, the justice's clerk was a competent witness by whom to prove the issuance and service thereof. The questions asked of this witness, to which objection was sustained by the court, tended to that end. The witness was asked to state whether he knew that a summons had been issued, also what the contents of the summons was, but these questions he was not permitted to answer. In the findings of the court, however, it is determined that an action was brought in the justice's court against Geo. Christe and Geo. Perkochin; that judgment was rendered therein and execution issued, and that the defendant paid to the constable holding the execution, upon his demand, the amount of plaintiffs' deposit. It is further found that the defendants in that action were not the plaintiffs in this suit. Appellant argues, and very properly, we think, that it having been found by the court in accordance with the allegations of the answer that a judgment was rendered in the justice's court upon which the execution was issued, the further finding of the court that the plaintiffs in this action are not the same as the defendants in the justice court action is not sustained by the evidence. In the justice's court action the names of the defendants there were spelled "Christe" and "Prkachin," while the true names of plaintiffs were spelled "Kriste" and "Perkacin." These names as so differently spelled were of such similar sound as to make the rule of *idem sonans* clearly applicable. (*Donohoe-Kelly Banking Co.* v. *Southern Pacific Co.,* 138 Cal. 183, [94 Am. St. Rep. 28, 71 Pac. 93].) Identity of persons is presumed from identity of names. (Code Civ. Proc., sec. 1963, subd. 25.) Therefore, the record of the justice's court would have furnished *prima facie* evidence of the identity of the defendants in that action with the plaintiffs here. As before noted, the plaintiffs did not, on their own behalf, at-

tempt to show that in fact they were not the persons desig-
nated as defendants in the action brought in the justice's
court. There was, therefore, no sufficient evidence upon
which to base the finding made by the trial judge that the
identity of the parties was not the same. Counsel for re-
spondents, however, argues that the finding of the court,
wherein it is determined that there was an action and judg-
ment in the justice's court against Christe and Prkachin, is
not a sufficient finding that there was a valid judgment there
rendered. This argument does not come with much force,
but even though we concede that the finding is not as com-
plete as it might have been upon that subject, the same result
must follow when we refer to the rulings of the court made
upon the admission of testimony. The defendant did at-
tempt to prove the fact that an action had been brought, re-
sulting in a judgment against the plaintiffs in the justice's
court, but all of its offered testimony, both as to the record
of the justice showing the proceedings had in the justice's
court, and as to the issuance of a summons, was excluded.
In our opinion, by these rulings the trial court erred. So
far as the record on appeal discloses, no objection was raised
in the superior court as to the sufficiency of the answer of
the defendant, wherein the judgment of the justice's court
upon which the execution hereinbefore referred to was issued,
was attempted to be pleaded. It seems to have been treated
by all parties and the court as a sufficient statement of the
facts therein purporting to be set out. Respondents now for
the first time make the objection that this plea was insuffi-
ciently alleged, but it is too late for such an objection to be
presented. While the allegation appearing in the answer,
"that such proceedings were had thereafter as provided by
law, that on the fourteenth day of March, 1910, judgment
was rendered by said justice's court," cannot be said to be
a compliance with the provisions of section 456 of the Code
of Civil Procedure, which permit a judgment of an inferior
court to be pleaded merely as having been "duly given or
made," still there was not a total absence of averment and
the pleading, as we have stated, was treated by the parties
at the trial as being sufficient. That under such conditions
advantage cannot be taken of a defect by objection made for

the first time in an appellate court, is held in the cases of *White* v. *San Rafael etc. R. R. Co.,* 50 Cal. 417; *Alhambra Addition Water Co.* v. *Richardson,* 72 Cal. 599, [14 Pac. 379]; *Ortega* v. *Cordero,* 88 Cal. 221, [26 Pac. 80]; *Sauer* v. *Eagle Brewing Co.,* 3 Cal. App. 127, [84 Pac. 425].

While it necessarily follows from the conclusions expressed in the foregoing that the judgment must be reversed and a new trial had of the action, brief consideration may be given the questions argued affecting the correctness of the conclusions of the trial court made as to the cause of action which relate to the negotiable instruments called time-checks which were transferred to defendant for the purpose of collection. On this branch of the case we agree with the determination as made by the trial judge. It appears that the Patillo Contracting Company drew certain orders, eleven in number, against itself, payable to the persons whose names appeared therein as payees, or their order, and that several of the payees indorsed these time-checks over to the plaintiffs, who in turn deposited them with defendant for collection. These time-checks were payable at the office of the contracting company on March 5, 1910, and were deposited with the defendant bank prior to that date. Defendant bank failed to secure payment of these orders and gave no notice of nonpayment to plaintiffs until April 6, 1910, more than one month after the several bills became payable. No excuse for the delay in giving notice of dishonor of these negotiable instruments was offered by defendant, except the plea was made that the bank had handled the time-checks in the manner it was accustomed to handle such matters; and further, it was pleaded in defense that the Patillo Contracting Company had on the fifth day of March, 1910, become insolvent. It was not shown in evidence that plaintiffs had notice of the custom of the bank as to the time of giving notice of nonpayment, or that by any condition of agreement made with the bank at the time the checks were deposited for collection, plaintiffs excused defendant from the duty of giving prompt notice of nonpayment of such checks. Section 3149, Civil Code, provides that "when the holder of a negotiable instrument, at the time of its dishonor, is a mere agent for the owner, it is sufficient for him to give notice to his principal in the same

manner as to an indorser, and his principal may give notice to any other party to be charged, as if he were himself an indorser.'' Plaintiffs, in order to protect themselves in their right of recourse against their immediate indorser, were required to give notice to the latter promptly upon payment of the checks being refused by the maker, failing in which the indorser would be discharged from liability. Under the facts shown in this case, because of the delay of defendant bank in giving such a notice to the plaintiffs, they lost their right to proceed against their indorser, and were for that reason damaged because of defendant's negligence. We quote from Bolles' Modern Law of Banking, page 573: "In an action on an indorsed note, check, or other instrument whereby, through the bank's negligence, the indorser is discharged, *prima facie* the owner of the paper has been injured to the amount of the face of it. This rule is founded on the presumption that the indorser was solvent. If the fact is otherwise, this may be shown in reducing the damages.'' In our opinion, the liability of defendant for the amount claimed in the last cause of action alleged in plaintiff's complaint was clearly made out by the evidence.

The judgment and order are reversed.

Allen, P. J., and Shaw, J., concurred.