--- 

| 99 | 523 |
| 109 | 670 |

[No. 14369.   Department Two.— September 11, 1893.]
GEORGE W. M. ORD ET AL., APPELLANTS, *v.* WILLIAM ORD ET AL., RESPONDENTS.

DELIVERY OF DEED—EVIDENCE—DECLARATIONS OF GRANTOR—DISPARAGEMENT OF DEED.—The declarations or acts of a grantor, made or done after the delivery of a deed, are not admissible to disparage his deed, though admissible for the purpose of sustaining it.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*S. W. Holladay,* and *E. B. Holladay,* for Appellants.

*Z. N. Goldsby,* for Respondents.

FITZGERALD, J. — This is an action of ejectment. Defendants had judgment, and plaintiffs appeal therefrom and from the order denying their motion for a new trial.

It appears that in April, 1873, William Marcellus Ord, the common grantor of plaintiffs, and the defendant, Anna E. Ord, conveyed by deed of gift to plaintiffs, who are the minor children of his brother, John S. Ord, certain property in Santa Cruz County commonly known as the "Ord rancho," and which contained about one hundred and sixty acres, including the property in controversy. By the same deed he granted and confirmed to his sister, Mrs. Holladay, five acres of the above tract, but they are not involved in this action. This deed was delivered to Mrs. Holladay by her husband, S. W. Holladay, Esq., to whom it had been previously mailed by the grantor from Boston, Massachusetts, on the twenty-first day of April, 1873, but it was not recorded until September 2, 1878.

On April 6, 1877, William Marcellus Ord, theretofore a bachelor, intermarried with the defendant, Anna E. Ord.

On June 10, 1878, Mrs. Holladay informed Mrs. Ord of the deed executed by her husband to the minor children of his brother John.

On June 17, 1878, William Marcellus Ord executed to his wife, the said Anna E. Ord, in consideration of love and affection and one dollar, a deed of the demanded premises, and on the same day it was duly recorded at her request.

At the time of the commencement of this action, March 16, 1880, Anna E. Ord was in possession of the property under the deed from her husband, who, it appears, died April 26, 1882, nearly seven years before this cause came on for trial.

Upon these facts it became a material question on the trial as to whether the grantor by the delivery of the deed to Mrs. Holladay intended that upon such delivery it should have the effect of passing the title absolutely to the plaintiffs, or whether it was merely a conditional delivery with the right reserved in the grantor to control or recall it.

Upon the trial Anna E. Ord was called as a witness for

defendants and upon this point testified " that she was present at the Pacific Ocean House at the time testified to by Mrs. Holladay, when the latter told her that William M. Ord did not own the land; that she did not ask Mrs. Holladay any questions upon receiving such information from her, because she thought it did not concern her; that, on the same evening or the next day, she told her husband, William M. Ord, that his sister had said that he did not own the land.

"Witness was asked by her counsel what William M. Ord said to her upon receiving such information; to which question plaintiffs objected as being incompetent, irrelevant, immaterial, and hearsay.

"The objection was overruled and plaintiffs duly excepted. And witness answered (under plaintiffs' said objection) that upon hearing it said William M. Ord was angry, and explained that he had made the deed to the children when he was going away to Boston, and delivered it to his sister provisionally, and left it in his trunk at Holladay's house, and that on his return he had demanded it of her (Mrs. Holladay), but she would not give it back to him."

This witness further testified that the deceased upon a subsequent occasion substantially repeated this statement.

The object of this testimony was to show that the deed of April 18, 1873, did not operate as a conveyance of the property to plaintiffs, for the reason that it was never delivered to Mrs. Holladay, or to any one else with any such intention.

This testimony was clearly incompetent for this or any other purpose,—1. Because it was hearsay; and 2. Because a grantor will not be permitted to disparage his deed by declarations made or acts done by him in his own interest subsequent to its execution, and such was held to be the rule in *Bury* v. *Young*, 98 Cal. 446; 35 Am. St. Rep. 186, in which it was said that "a grantor cannot be allowed to undermine his deed either by words or acts. His declarations and acts made and done, in his own interest, months after the deed was delivered, are not admissible as indicating his intentions in delivering the deed." But subsequent declarations and acts by the grantor for the purpose of sustaining his deed, as was the case in *Dean* v. *Parker*, 88 Cal. 283, are admissible to show his intention in delivering it.

From these views it follows that the court erred in admitting this testimony against plaintiffs' objection, for which the judgment and order must be reversed; and, as the testimony on another trial may not be the same, it is unnecessary to consider the other questions discussed by counsel.

Let the judgment and order be reversed.

McFARLAND, J., concurred.

DE HAVEN, J., concurring. — I concur in the judgment and in the foregoing opinion of Mr. Justice Fitzgerald. The language of the opinion in *Dean* v. *Parker*, 88 Cal. 289, is broad enough to justify the admission of the evidence held to be inadmissible in this case. But in *Dean* v. *Parker*, the declarations considered were those of the grantor sustaining his deed, and the attention of the court was not directly called to the admissibility of subsequent declarations of a grantor denying the fact of the previous delivery of a deed, and the general and somewhat inaccurate language of that opinion to the effect that upon a question relating to the delivery of a deed any declaration made by a grantor at the time of the alleged delivery, or subsequent thereto, would be relevant to the inquiry must be considered with reference to the particular facts then before the court.