[No. 15415. In Bank.—October 30, 1894.]

IN THE MATTER OF THE ESTATE OF CATHERINE KENNEDY, DECEASED. MARY ROGERS, RESPONDENT, v. J. T. McCORMICK, EXECUTOR, ETC., APPELLANT.

EVIDENCE—IMPEACHMENT BY PARTY CALLING WITNESS—PREVIOUS STATEMENTS.—Where a witness is questioned by the party calling him as to statements previously made by him, which, if true, would corroborate the testimony of such party, the party calling him will not be permitted, upon a denial of the witness as to the making of such statements, to contradict the testimony of his own witness by the testimony of his attorney to the previous statements made by the witness under the circumstances stated in the questions put to the witness.

ID.—DECLARATIONS OF WITNESS—INDEPENDENT EVIDENCE.—A party calling a witness cannot get the naked declarations of the witness before the jury as independent evidence.

ID.—APPEAL—PRESUMPTION OF PREJUDICE.—Error in the admission of evidence is ground of reversal, unless the appellate court can see from the record that appellant was not injured thereby.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Eugene Deuprey*, for Appellant.

*M. J. Platshek, M. S. Eisner*, and *F. S. Stratton*, for Respondent.

The COURT.—Catherine Kennedy died testate at the city and county of San Francisco, April 13, 1887, leaving estate of the value of about twelve thousand dollars. She was thrice married, and left surviving her one son by her second marriage, named John E. Tomlinson. By her last will she devised all of her estate to the said son, John E. Tomlinson, except three small legacies of one hundred dollars each, bequeathed to Sarah McCloskey, John E. McCormick, and Rosa Malone, respectively, and naming James McCloskey as executor. The will was admitted to probate McCloskey appointed

executor thereof, and such proceedings were had in relation thereto, that on the eleventh day of December, 1889, a petition was filed by the executor praying a distribution of the estate as in the will provided. On the twenty-third day of December, 1889, Mary Rogers made and filed her petition and opposition in the cause, in which, among other things, she set out that she was the daughter of Catherine Kennedy, deceased; that by an omission, not appearing to be intentional, deceased wholly failed to provide for petitioner in her last will; that she is entitled to a like share or interest in the estate as though deceased had died intestate, and prayed that one-half of said estate be distributed to her. Thereafter, on the twenty-third day of December, 1891, the matter of the petition of Mary Rogers to participate in the distribution of the estate of said Catherine Kennedy, deceased, came on to be heard. A trial by jury was waived by the parties. The contest was between said Mary Rogers and J. T. McCormick, the executor of the last will of J. E. Tomlinson, deceased, who had before that time departed this life. The question in litigation was as to the maternity of the said Mary Rogers. The decision was in favor of the respondent, said Mary Rogers, who was found to be the illegitimate daughter of Catherine Kennedy, the testator, and one-half of the estate was distributed to her. The appeal is from the decision, and from an order denying a new trial to said McCormick, executor of the last will of said Tomlinson, deceased.

At the trial one McCloskey was called by respondent as a witness on her behalf, and by her attorney questioned as to statements previously made by him in the presence of respondent and her attorneys as to Mrs. Kennedy having told him that she was going to send to Buffalo, New York, for a niece of hers, and that he gave five dollars to her to be used for that purpose; that he had seen Mrs. Rogers, the respondent, at Mrs. Kennedy's house on Natoma street in April or May, 1886; that the respondent was introduced to him by Mrs.

Kennedy as her niece; that after Mrs. Rogers moved from Mrs. Kennedy's house Mrs. Kennedy told him that respondent did not like her place and had gone away, and that she was displeased with her niece for having become a protestant.   These questions were answered evasively or by a direct denial, and thereafter Attorney Eisner took the stand as a witness for respondent and was permitted, against the appellant's objection, to contradict the evidence of his own witness, McCloskey, by testifying that at the time and place suggested in the questions, and in the presence of the persons named, the said McCloskey "stated in my presence that the deceased, Mrs. Kennedy, had often told him, just prior to the advent of the so-called niece, that she was going to send to Buffalo, New York, for a niece of hers, and had asked Mr. McCloskey for five dollars to send on to her niece, and he said that he was quite sure—that is the language taken down then—that he was quite sure that he saw Mrs. Rogers at Mrs. Kennedy's house on Natoma street in this city, about April or May, 1886, and he said that, after the niece left Mrs. Kennedy's home, Mrs. Kennedy had said to him, McCloskey, that she, the niece, did not like the place and had gone away, and that Mrs. Kennedy expressed dissatisfaction or displeasure at her, the niece, having become a protestant."

The previous alleged statements of the witness McCloskey, if sworn to at the trial, would have corroborated the testimony of the respondent on the main issue, and would have tended to make out her case.   The question then is, Did the court err in permitting the witness Eisner, against appellant's objection, to contradict his own witness as to these previous statements, notwithstanding the fact that the witness McCloskey had not testified as he had led respondent to believe that he would?   If so, was the appellant injured thereby?

The rule is well settled in this state, on the authority of the *People* v. *Jacobs*, 49 Cal. 385, and *People* v. *Wallace*, 89 Cal. 158, that such testimony is not admissible, for the reason that to admit it "would enable the party to

get the naked declarations of the witness before the jury as independent evidence."

It is therefore clear that the court erred in permitting the witness, Eisner, to contradict the testimony of his own witness, by testifying to the previous statements made by him under the circumstances stated, and, as we cannot say that the appellant was not injured thereby, it follows that the judgment and order should be reversed.

So ordered.

Rehearing denied.