[Sac. No. 4.   In Bank.—August 19, 1895.]

J. D. HYDE, APPELLANT, v. W. V. BUCKNER, SHER-
IFF, ET AL., RESPONDENTS.

DEED—MORTGAGE—EVIDENCE—SUBSEQUENT DECLARATIONS OF GRANTOR.—
In an action to restrain the sale under execution against the grantor of
lands conveyed by him, upon the alleged ground that the deed was
intended as a mortgage, it is error to admit evidence of statements
made by the grantor long after the execution of the deed, impeaching
the title conveyed thereby, by showing that it was given as security for
a loan.

ID.—TESTIMONY OF GRANTOR—ADVERSE WITNESS—EXPLANATORY EVI-
DENCE—CONTRARY DECLARATIONS.—Where the grantor had been called
as a witness for the sheriff and execution creditor to prove that the
deed was intended as a mortgage, and had testified that the transaction
was a sale, and that the relation of debtor and creditor did not continue
between himself and the grantee after the execution of the deed, con-
trary declarations of the grantor could only be shown by the defendants
to explain why they had called a witness adverse to them, and not then,
unless they were surprised by his testimony; and beyond this the evi-
dence of contrary declarations subsequent to the execution of the deed
is entitled to no weight, and could have no force in making an affirma-
tive case for the defendants.

ID.—REASON ASSIGNED FOR RULING—PRESUMPTION OF PREJUDICE.—Where
the court, in admitting the evidence of the subsequent declarations of
the grantor, gave as a reason for the ruling that the evidence was com-
petent for the purpose of ascertaining what the intention of the par-
ties was, it cannot be presumed that the evidence had no weight in the
determination of the principal issue as to whether the deed was in-
tended as a mortgage, and the judgment must be reversed for error in
the ruling.

APPEAL from a judgment of the Superior Court of
Kings County and from an order denying a new trial.
JUSTIN JACOBS, Judge.

The facts are stated in the opinion of the court.

E. O. Larkins, W. B. Wallace, and U. T. Clotfelter, for
Appellant.

The debt being extinguished, the deed was not a mort-
gage. (Farmer v. Grose, 42 Cal. 171; Page v. Vilhac, 42
Cal. 83; Morris v. Angle, 42 Cal. 243; Ford v. Irwin, 18
Cal. 117.)   There was not sufficient evidence to over-
come the presumption that the deed was an absolute

conveyance, and the findings should have been against the party contending it to be a mortgage. (*Penney* v. *Simmons*, 99 Cal. 380; *Etheridge* v. *Wisner*, 86 Mich. 166; Jones on Mortgages, sec. 335; *Ganceart* v. *Henry*, 98 Cal. 281, et seq; *Hopper* v. *Jones*, 29 Cal. 18, 19; *Becker* v. *Howard*, 75 Wis. 415; *Henley* v. *Hotaling*, 41 Cal. 22; *Hinckley* v. *Wheelwright*, 8 Am. Law Reg. 590.) Admissions made by the grantor of a deed not in the presence of the grantee cannot bind the grantee. (Rice on Evidence, 467; *Nicholson* v. *Tarpey*, 70 Cal. 610, 611; *Spanagel* v. *Dellinger*, 38 Cal. 282; *Briswalter* v. *Palomares*, 66 Cal. 259; *Ross* v. *Wellman*, 102 Cal. 1.) There is no substantial conflict as to the intention of the parties to make a sale, and the appellate court can review the evidence. (*National Gold Bank* v. *McDonald*, 51 Cal. 71; 21 Am. Rep. 697; *Branson* v. *Caruthers*, 49 Cal. 381, et seq; *Null* v. *Fries*, 110 Pa. St. 521; *Guerrero* v. *Ballerino*, 48 Cal. 121; *Kahn* v. *Weill*, 42 Fed. Rep. 704 (Cal.); Hayne on New Trial and Appeal, 860.)

*Horace L. Smith*, and *Bradley & Farnsworth*, for Respondent.

The declarations of the vendor while in the possession of the property are admissible in evidence. (*Cahoon* v. *Marshall*, 25 Cal. 197, 202; *Bollo* v. *Navarro*, 33 Cal. 459.) The question as to whether the deed was a mortgage is a question of fact as to the intent of the parties. (*Hickox* v. *Lowe*, 10 Cal. 210; *Jackson* v. *Lodge*, 36 Cal. 39; *People* v. *Irwin*, 14 Cal. 435; *Sears* v. *Dixon*, 33 Cal. 332; *Montgomery* v. *Spect*, 55 Cal. 353; *Husheon* v. *Husheon*, 71 Cal. 407; *Malone* v. *Roy*, 94 Cal. 346; *Penney* v. *Simmons*, 99 Cal. 382; *Mahoney* v. *Bostwick*, 96 Cal. 58; 31 Am. St. Rep. 175.)

TEMPLE, J.—This action was brought to restrain the sale, under execution against the property of Peter Van Valer, of certain lands conveyed by Van Valer to plaintiff in October, 1884. The question is whether that deed was intended to secure an indebtedness, and was, there-

fore, a mortgage. That it was given as security is affirmed by the judgment creditor and denied by the plaintiff.

Defendant recovered judgment, and this appeal was taken by plaintiff from the judgment and from a refusal of a new trial.

The main contention here is that the evidence does not sustain the finding of the court upon the issue above stated. After a careful consideration of the evidence, as shown in the record, I do not think the conclusion reached upon that issue can be disturbed here. The evidence is voluminous, and discussion of it would not be useful.

I think, however, the court erred in permitting defendants to prove by the witness Mannheim statements made by Van Valer nine years after the execution of the deed, impeaching the title conveyed thereby to plaintiff, by showing that it was given as security for a loan. Van Valer had been called by defendants, and as their witness had testified, in substance, that the transaction was a sale, and that the relation of debtor and creditor did not continue between himself and Hyde after the execution of the deed. And further, that there was no understanding, express or otherwise, that Van Valer could repurchase for at least three months after the execution of the deed. Defendants then called Mannheim, and asked him to tell what Van Valer had said to him about the transaction in August, 1893. This was objected to as incompetent.

The objection was overruled, the court saying: "I think the evidence is competent for the purpose of ascertaining what the intention of the parties was."

The witness then proceeded to testify that Van Valer stated that he had conveyed the land to Hyde simply as security for a loan.

This evidence was clearly incompetent to disprove or impeach the title which Hyde claimed to have acquired from Van Valer. It was admissible only to show why the defendants had called a witness who was adverse to

them, and not then, unless they were surprised by his testimony. Beyond this it was entitled to no weight whatever. It could have no force in making an affirmative case for the defendants. (*Hall* v. *Bark Emily Banning*, 33 Cal. 522; *Estate of Kennedy*, 104 Cal. 429.)

In view of the reason given by the judge for the ruling, we cannot presume that the evidence had no weight in the determination of the principal issue.

The judgment and order are therefore reversed and a new trial ordered.

McFARLAND, J., HENSHAW, J., HARRISON, J., and VAN FLEET, J.. concurred.