[L. A. No. 247. Department One.—March 31, 1898.]

PHILIP FALK, by his Guardian, Appellant, v. FREDERICK WITTRAM, Respondent.

CANCELLATION—INSANITY OF GRANTOR—EVIDENCE.—In an action on behalf of an insane plaintiff by his guardian, to set aside a conveyance as hav-ing been made by him when insane and incapable of contracting, a finding of the court that plaintiff was not insane at the date of the conveyance is sufficiently supported by proof that plaintiff was en-gaged in business for upward of eleven years after the date of the conveyance before he was committed to an asylum, although it was shown that he was rash in some of his speculations, and erratic in conduct, as well as irascible in temper.

ID.—MORTGAGE—FINDING.—Where there was no direct evidence in support of the plaintiff's claim that the conveyance, though absolute in form,

was intended as a mortgage; but it was sought to establish that fact by inferences and argument from other evidence, the court was justified in requiring clear proof of that fact, and, in the absence of such proof, the fact that the deed purported to be absolute is sufficient to support a finding that it was not intended as a mortgage.

ID.—NOTICE TO SUBSEQUENT GRANTEE.—Findings that the grantor of the deed was sane at the time of its execution, and that it was not intended as a mortgage, render it immaterial to find upon the issue whether the defendant, as a subsequent grantee, had notice of the contrary facts alleged in the complaint.

ID.—EVIDENCE—HUSBAND AND WIFE.—Section 1881 of the Code of Civil Procedure, providing that "a husband cannot be examined for or against his wife without her consent, nor a wife for or against her husband without his consent, nor can either during the marriage or afterward be, without the consent of the other, examined as to any communication made by one to the other during the marriage," makes no exception, even though the other spouse be incapable of consent; and a deposition of the wife of an insane person is properly excluded as inadmissible.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. George Otis, Judge.

The facts are stated in the opinion of the court.

Joseph M. Kinley, and Murphy & Gottschalk, for Appellant.

Goodcell & Leonard, for Respondent.

HARRISON, J.—The appellant, by his guardian, seeks in this action a judgment declaring that an instrument purporting to convey certain land to the grantor of the respondent was made by the appellant at a time when he was insane and incapable of contracting; that the instrument, although absolute in form, was in reality only a mortgage, and that the respondent took his conveyance from the grantee therein with knowledge of the appellant's insanity at the time of its execution, and that it was given only as a mortgage. The instrument in question was executed April 14, 1875, and on January 31, 1893, the guardian of the appellant was appointed by the superior court of San Francisco, and the complaint herein in behalf of the appellant was filed March 20, 1894. Issues having been joined upon the allegations of the complaint, the cause was tried by the court, by whom findings of fact were made and filed negativing the material allegations of the complaint, and judgment thereon was ren-

dered in favor of the respondent.   From this judgment and an order denying a new trial, the present appeal has been taken. .

The appeal is urged here upon the ground that the findings of the court, both upon the insanity of the appellant at the date of the deed of conveyance, and the character of the instrument, are not sustained by the evidence.   Each of these propositions was determined by the trial court upon a consideration of all of the evidence before it, including the inferences which it was at liberty to draw from that evidence, and the weight to be given to the testimony, as well as the credibility of the witnesses.   It was shown that the appellant was engaged in business for upward of eleven years after the date of the conveyance, before he was committed to an asylum; and, although it was shown that he was rash in some of his speculations, and erratic in conduct, as well as irascible in temper, it cannot be said that there was no evidence before the court in support of its finding that he was not insane at the date of the conveyance, and, upon well-established principles, its finding is conclusive here.   There was no direct evidence in support of the appellant's claim that the deed was intended as a mortgage, but it was sought to establish this fact by inferences and argument to be drawn from other evidence in the case.   Upon its face, the deed purported to be absolute, and the trial court was justified in requiring clear proof that it was intended as a mortgage.

As the court found that the deed from the appellant to the respondent's grantor was an absolute conveyance, and that he was in the exercise of his mental faculties at the time of its execution, its failure to find whether the respondent had notice of these facts is immaterial.   If they did not exist, he could not have had notice of them, and a finding of that character would not affect the judgment.

The court properly excluded the deposition of the plaintiff's wife.   "A husband cannot be examined for or against his wife without her consent; nor a wife for or against her husband without his consent; nor can either during the marriage or afterward be, without the consent of the other, examined as to any communication made by one to the other during the marriage." (Code Civ. Proc., sec. 1881, subd. 1.)   The section makes no exception to the rule, even though the other spouse be incapable

of consent, and courts are not at liberty to disregard its pro-
visions. (See, also, *Estate of Flint*, 100 Cal. 391; *Emmons v.
Barton*, 109 Cal. 662.)

The Garcia deed could have had no effect upon the findings
of the court, and, even if its admission was unauthorized, it was
harmless to the appellant.

The judgment and order are affirmed.

Garoutte, J., and Van Fleet, J., concurred.