[Civ. No. 4523.   First Appellate District, Division One.—April 30, 1923.]

## GEORGE KERSHAW, Appellant, v. MARTIN MADSEN, Respondent.

[1] DEEDS—INTENT OF GRANTOR—EVIDENCE—DECLARATIONS OF GRANTOR TO HUSBAND—PRIVILEGED COMMUNICATIONS.—In an action by a surviving husband to establish and enforce an implied trust in real property alleged to have arisen by the conveyance of the property to defendant by plaintiff's deceased wife without consideration and in trust for certain purposes and while a confidential relationship existed between them, declarations of the grantor made to her husband during the existence of the marriage relation as to her intention in making the conveyance are inadmissible in view of subdivision 1 of section 1881 of the Code of Civil Procedure.

[2] ID.—DECLARATIONS TO THIRD PERSONS—INADMISSIBILITY OF.—In such an action, declarations of the grantor to other persons than her husband or the defendant and not in the latter's presence as to her intention in the making and delivery of the deed are inadmissible in evidence.

[3] TRUSTS—DEED—WANT OF UNDUE INFLUENCE—ADEQUACY OF CONSIDERATION—SUFFICIENCY OF EVIDENCE.—In this action by a surviving husband to establish and enforce an implied trust in real property conveyed by his deceased wife to defendant in her lifetime, there is not sufficient evidence that the confidential relationship existing between the parties to the deed was taken advantage of by defendant and the evidence is sufficient to sustain the finding as to the adequacy of consideration for the conveyance.

APPEAL from a judgment of the Superior Court of Fresno County. S. L. Strother, Judge. Affirmed.

The facts are stated in the opinion of the court.

Everts, Ewing & Wild, J. R. Fitch and Collins & Collins for Appellant.

Lindsay & Conley for Respondent.

RICHARDS, J.—This appeal is from a judgment in the defendant's favor in an action instituted by said plaintiff to have it adjudged that a certain deed executed and delivered by one Anna Gothea Nielsen to the defendant Martin Madsen on July 3, 1907, was given without consideration

and in trust for certain purposes, and while a confidential relationship existed between the parties to such conveyance, from which facts an implied trust is alleged to have arisen which the plaintiff seeks to have enforced by the court in decreeing a conveyance of the premises described in said deed from the defendant to the plaintiff as the sole heir of the grantor in said deed. There are certain admitted facts shown in the record which may be recited in order to clarify the matters in dispute between the parties to this appeal.

In the year 1891, Hans Nielsen, the father of Anna Gothea Nielsen, being about to die, made a will devising to his said daughter, then a child of three years of age, his whole estate, consisting of forty acres of land in the county of Fresno, together with certain personal property of the value of about three thousand dollars. By the terms of said will he nominated his friend Martin Madsen to be the executor thereof and the guardian of his said child. Upon his death the defendant qualified as such executor and guardian and proceeded to administer the estate, both as such executor and guardian, until the year 1906, when his ward, Anna, becoming of age, he rendered his final accounts, which, being settled, decrees of distribution and of his discharge as such guardian were duly made and the property, both real and personal, was delivered over to his former ward. In the meantime his said ward, shortly after her father's death, had been taken to Copenhagen, Denmark, where she lived with her grandmother until she was of the age of sixteen years, when she returned to California and became an inmate of the home of her said guardian, being treated by himself and his wife as one of their own children. In the year 1907, Anna Gothea Nielsen, being then nineteen years of age, and wishing to return to Copenhagen upon a visit to her friends and relatives there, sought to sell and dispose of the forty-acre piece of land which she had inherited from her father and of which for a year or so she had been in possession under said decree of distribution, in order to cover the expenses of her projected visit. She inquired of a real estate agent as to its value and consulted with Martin Madsen and his wife as to its sale. The agent informed her that it was of the value of between four thousand dollars and five thousand dollars. The result of these conferences was a conveyance of the land by her to Madsen

by a deed, absolute in form, the said conveyance being drawn by F. E. Cook, Esq., an attorney of Fresno, at her request, and being executed in his presence. The consideration expressed in said deed was ten dollars, but the defendant testified that the actual consideration therefor was four thousand five hundred dollars, which was paid by him partly at that time and by later remittances. The grantor in said deed shortly thereafter took her departure to Europe, remaining there about three years, when she again returned to California, and a year later, or in 1911, was married to George Kershaw, the plaintiff herein, going to live with him in Oakland temporarily, but in December, 1912, returning to the household of the defendant Madsen, where she remained as a member thereof until the year 1918, during much of which time her husband, the plaintiff herein, also lived with her in said household. In the latter year she went to live with her husband in an apartment in the city of Fresno, where in the year 1920 she died intestate, leaving her husband, the plaintiff herein, as her sole heir. During her lifetime, subsequent to the date of said conveyance, the said Anna Gothea Nielsen instituted no proceeding to set aside the same and is not shown to have claimed or asserted to the defendant that he held the title to said premises in trust for her benefit, but it is claimed by the plaintiff herein that upon several occasions after the making of said deed she had asserted to the plaintiff and to others that the deed in question was a trust deed, made for the purpose of enabling the defendant to manage the premises described therein as her trustee and for her benefit, which testimony of the plaintiff the trial court, however, declined to admit in evidence upon the trial of the cause. The trial court made its findings of fact and conclusions of law wherein it found that the averments of the plaintiff's complaint, to the effect that at the time of the execution of said deed and for a long time prior thereto the said defendant had exercised parental authority or control over the said Anna Gothea Nielsen or that she was under the control of said defendant in business matters, was untrue and that it was also untrue that the said defendant had proposed to the said Anna Gothea Nielsen that she should convey said property to him so that he could manage it or carry on her business affairs for her benefit. The court further found ''that

on the third day of July, 1907, for a valuable consideration passing from said defendant Martin Madsen to said Anna Gothea Nielsen, the said Anna Gothea Nielsen, freely, and of her own volition, and not acting under duress, menace, fraud, or undue influence, or any influence of any kind, character or description, either exercised by the defendant Martin Madsen, or by any other person or persons whatever, made, executed and delivered the said deed and instrument in writing, which said deed is accurately described and set out in full in plaintiff's complaint, to the defendant Martin Madsen, and that thereupon the defendant Martin Madsen became, ever since has been and now is the owner of the said real property described in said deed, in fee simple absolute.'' The court further found that the cause of action was barred by the statute of limitations. Judgment was accordingly entered in the defendant's favor and it is from said judgment that this appeal has been taken.

[1] The first contention which the plaintiff makes upon this appeal is that the trial court was in error in excluding from the evidence herein the declarations of the grantor in said deed made to her husband and to other persons as to the purpose and effect of said deed, and as to her intention in the execution and delivery of the same to the defendant. As to the declarations which the plaintiff asserted that his deceased wife had made to him during the existence of their marriage relation touching the subject of her understanding and intent in the making and delivery of said deed it would seem to be a sufficient answer to the plaintiff's offer of these declarations in evidence to refer to that portion of subdivision one of section 1881 of the Code of Civil Procedure, which reads as follows:

''A husband cannot be examined for or against his wife without her consent; nor a wife for or against her husband without his consent; nor can either, during the marriage or afterward, be, without the consent of the other, examined as to any communication made by one to the other during the marriage.''

The authorities fully uphold the respondent's objection to this class of evidence under the foregoing provision of the code. (*Humphrey* v. *Pope*, 1 Cal. App. 374 [82 Pac. 223]; *Falk* v. *Wittram*, 120 Cal. 479 [65 Am. St. Rep. 184,

52 Pac. 707]; *Emmons* v. *Barton,* 109 Cal. 662 [42 Pac. 303].)

[2] As to the declarations of the grantor in said deed, claimed to have been made by Anna Gothca Nielsen to other persons than her husband or the defendant herein and not in the latter's presence, it would seem equally clear that these self-serving declarations of the deceased grantor in said deed, made a considerable time after the execution and delivery thereof to the defendant, were inadmissible in evidence. The appellant in urging their admissibility relies upon the cases of *Williams* v. *Kidd,* 170 Cal. 651 [Ann. Cas. 1916E, 703, 151 Pac. 1]; *Sprague* v. *Walton,* 145 Cal. 228 [78 Pac. 645]; *Donahue* v. *Sweeney,* 171 Cal. 391 [153 Pac. 708]; *Fisher* v. *Oliver,* 174 Cal. 781 [164 Pac. 800], and *Rice* v. *Carey,* 170 Cal. 753 [151 Pac. 135]. In each of these cases, however, the question before the trial court related to the execution or nonexecution and delivery or nondelivery of the instrument in question, and the supreme court in each case in deciding that the declarations, acts, and conduct of the grantor subsequent to the alleged execution or delivery of the document were admissible as bearing upon the intent of the grantor to execute or to deliver the instrument was careful to limit such evidence to these purposes and to declare that the rule thus laid down was not in conflict with the general rule otherwise reaffirmed that the declarations, acts, and conduct of a grantor, made after he has parted with his title and in disparagement of it, are inadmissible. This is particularly emphasized in *Fisher* v. *Oliver, supra,* in which the earlier cases are reviewed, and the case of *Bury* v. *Young,* 98 Cal. 446 [35 Am. St. Rep. 186, 33 Pac. 338], which lays down the general doctrine, is expressly affirmed. Other cases reaffirming the doctrine declared in *Bury* v. *Young,* are *Ord* v. *Ord,* 99 Cal. 523 [34 Pac. 83]; *Hyde* v. *Buckner,* 108 Cal. 522 [41 Pac. 416]; *Emmons* v. *Barton, supra; Smith* v. *Mason,* 122 Cal. 426 [55 Pac. 143]; *Bollinger* v. *Bollinger,* 154 Cal. 695 [99 Pac. 196]. We conclude that the trial court was not in error in refusing to admit in evidence the declarations of the grantor of this conveyance after the date of its admitted execution and delivery to the defendant herein in disparagement of the title therein conveyed by her.

[3] The appellant's next and final contention is that the evidence in the case is insufficient to sustain the findings of the trial court that it was not true that during the period immediately preceding or attending the making and delivery of the deed in question the defendant exercised parental authority and control of Anna Gothea Nielsen or that she was then under the control of said defendant in business matters; and also the further finding of the trial court that the said conveyance from Anna Gothea Nielsen to the defendant made on July 3, 1907, was for a valuable consideration and was made, executed, and delivered by her freely and of her own volition and not acting under duress, menace, fraud, or undue influence and that the defendant thereby became the owner of the property therein conveyed in fee simple absolute. We have carefully examined the entire evidence in the case bearing upon these contentions and while it is true as shown by the practically uncontradicted evidence of all of the parties concerned that there existed between the defendant and Anna Gothea Nielsen, at all times from her early childhood and up to the time of her death, a most cordial and affectionate relation approaching the relation of parent and child and that said relation was at times, and especially during the period of the defendant's service as executor of her father's estate and as guardian of her person and estate, confidential in the highest degree, there is not sufficient evidence that this relation was taken advantage of by the defendant or that the feelings of trust and confidence and deserved affection uniformly held by the said Anna Gothea Nielsen toward the defendant during all her life were violated by him in this or any other transaction between them. As to the particular transaction under review upon this appeal there is sufficient evidence to fully sustain the latter finding of the trial court above referred to as to the adequacy of the consideration for said conveyance, as to its payment and as to the freedom of the transaction from any unfairness or undue influence practiced by the defendant or any member of his household upon the said Anna Gothea Nielsen, and affecting the making, execution, and delivery of her said deed. The trial court committed no error or abuse of discretion in resolving whatever conflicts there were in the evidence touching this subject in the defendant's favor. The

evidence sustains the findings; the findings support the judgment, and the judgment therefore should be and is hereby affirmed.

Tyler, P. J., and St. Sure, J., concurred.