[Civ. No. 5095. First Appellate District, Division Two.—February 6, 1925.]

GEORGE F. KINNEY, Plaintiff, v. SUSAN JANE KIN-NEY, Defendant and Respondent; JANE A. GROSS et al., Interveners and Appellants.

[1] DEEDS—TRANSFER BY HOLDER OF RECORD TITLE—RIGHT OF THIRD PARTIES TO SHOW ABSENCE OF TITLE IN HOLDER.—The fact that a holder of the record title to real property has transferred the record title to another without consideration does not affect the right of third parties to prove by such holder any facts necessary

to establish their chain of title to said property, or that such holder did not himself have title to the property attempted to be conveyed by him.

(1) 22 **C. J.**, p. 1213, n. 59.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Reversed.

The facts are stated in the opinion of the court.

Harry I. Stafford and W. F. Stafford for Interveners and Appellants.

Wm. T. Eckhoff for Defendant and Respondent.

LANGDON, P. J.—This is an appeal by the interveners from a judgment against them. The plaintiff and defendant are husband and wife, between whom divorce proceedings were pending at the time of the trial of this action. The plaintiff George F. Kinney commenced an action against the defendant Susan Jane Kinney, alleging that on December 7, 1920, he had deeded to her certain real property in the city and county of San Francisco with the understanding that the said deed should not be recorded nor become operative unless plaintiff died or became seriously ill, and with the further understanding that said deed should be kept in a tin box in the home of plaintiff and defendant and accessible to both parties and that plaintiff might destroy said deed at any time if he so desired; that said deed remained in said box as agreed between the parties until July 28, 1922, when the defendant abandoned and deserted the plaintiff and in violation of said agreement between them caused said deed to be duly recorded. It was prayed that said deed be declared void and that the title to said property be declared vested in plaintiff.

Defendant answered and denied that any agreement, as alleged, was entered into between the parties and asserted that the property had been deeded to her by her husband as a gift, without any conditions or limitations whatsoever.

The interveners and appellants, sisters and brothers of plaintiff, then entered upon the scene with a complaint in intervention, setting forth that the real property was owned by their mother, Caroline Kinney, at the date of her death, March 18, 1919; that she died intestate, leaving interveners and plaintiff George F. Kinney as her only heirs at law, each of whom became the owner of an undivided one-fifth interest in said property; that shortly after the death of their said mother, Caroline Kinney, George F. Kinney caused to be recorded a deed of gift from Caroline Kinney to himself, conveying this property; that said deed so recorded had never been delivered to George F. Kinney by his said mother and was void, therefore, and of no effect. That, thereafter, George F. Kinney executed a deed to defendant Susan Jane Kinney, purporting to convey said real property to her. Interveners pray that they each be adjudged the owner of an undivided one-fifth interest in said real property.

George F. Kinney failed to answer the complaint in intervention and his default was entered. The trial court found against him upon the issue raised between himself and the defendant with reference to the limitation upon the deed given to her, and as the evidence upon this question was conflicting, we are not concerned with that issue. The interveners, in attempting to prove their case, called George F. Kinney as a witness. He did not attempt to contradict the terms of his conveyance to defendant, but upon being questioned as to the source of his own title, stated that his mother, Caroline Kinney, had executed a deed to him, but had never delivered it to him; that he never saw it until about a week after her death, when he opened a tin box which had belonged to his mother and there found the deed which he recorded; that no one told him to open this box and that he had never had access to it during the lifetime of his mother; that he had thought at the time of recording said deed and at the time of making the deed to Susan J. Kinney that the undelivered deed of Caroline Kinney vested title in him to said property. There is nothing in the record to contradict, in any manner, this testimony regarding the nondelivery of said deed from Caroline to George Kinney, and had it remained in the record the trial court must have

found in accordance with the allegations of the complaint in intervention. However, the foregoing testimony was objected to upon the ground that it was an attempt to disparage the title of George Kinney which he had conveyed to defendant. The objection was overruled and the testimony admitted, but, later, upon the renewal of the objection, the testimony was stricken out, and the court found that the deed from Caroline Kinney to George Kinney had been delivered, doubtless upon the theory that there being no testimony upon the subject in the record, the finding must be against the party having the burden of proof, or that the presumption of delivery would follow from the possession of the deed by the grantee.

[1] Thus the record presents but one legal question: As to the admissibility of this testimony. In support of the action of the trial court respondent relies upon several cases. We think they are not in point. In *Frink* v. *Roe*, 70 Cal. 296 [11 Pac. 820], the rule is laid down that parol testimony cannot be introduced to vary the terms of a written instrument conveying an interest in real property. The question was stated as follows: "In such an action (action of ejectment) can it be shown that A, who presents a patent from the government to land, has declared such patent to mean something different from what is expressed in it, and thus defeat the title conveyed thereby? Or that a power of attorney to A, authorizing him to lease or repair was intended to empower, and therefore did empower him to sell and convey an indefeasible title?" As stated in the case just cited, "the negative of these propositions is too apparent to need argument."

But the question involved in the instant case bears no resemblance in principle to the foregoing questions. Here George Kinney's testimony did not seek to change the terms of his conveyance to the defendant, nor to impeach its force and effect if it had anything upon which to operate. He was examined, on behalf of interveners, who were not parties to any conveyance made by him, as to the source of his title and testified to a physical fact not evidenced by any instrument in writing executed by him. Assuredly, if George Kinney had retained the record title to the property he might have been examined as to the delivery of the deed

from their mother in an action by interveners to establish their interest in the property. The defendant is in privity of estate with him and took her title without valuable consideration. Could George Kinney have defeated the right of his brothers and sisters to examine him as to the delivery of the deed from their mother by transferring the title to his wife without consideration when he and his wife were living together with their interests harmonious? If not, the circumstance of the quarrel and separation of the husband and wife has no legal significance in the problem we are considering. The rights of the interveners cannot be affected by reason of the fact that George Kinney has transferred the record title to another without consideration. We find no authority for such a contention, and it is contrary to reason and to the theory and purpose of the general rule respondent seeks to invoke, i. e., that a grantor may not, by parol evidence, contradict the averments of his deed —a solemn contract. This cannot mean that when one purports to grant real property, third persons are precluded from proving by him any facts necessary to establish their chain of title to the same. If it were otherwise, one might effectively divest an innocent person of title to his property by securing a purported conveyance from a person who was the only one familiar with the facts upon which the title of such innocent person could be established.

In the case of *Williams* v. *Kidd*, 170 Cal. 631 [Ann. Cas. 1916E, 703, 151 Pac. 1], relied upon by respondent, the question was as to the delivery of a deed by a grantor prior to his death. Evidence of various facts and circumstances was offered upon this question, some of these matters having to do with acts and statements of the grantor after the alleged date of delivery, were objected to upon the theory that they were in disparagement of the title to the property with which the grantor had parted. Upon appeal, it was pointed out that the rule invoked had no application to the facts of the case, the court saying: "But here the question was whether Williams had ever parted with title to the property. This was the main issue in the case, the claim of respondents being that there had been no delivery of the deed with intent on the part of Williams to do so. The conduct and declarations of Williams covering a period subsequent to the mak-

ing of the deed and while Kidd held it as a depositary, and we are satisfied that such acts, conduct and declarations of Williams with reference to the property during that period were properly admissible as bearing on the issue as to whether there had been a delivery of the deed.'' The case from which we have just quoted is certainly not authority for the exclusion of the testimony we are considering in the instant case. Neither are the cases of *Emmons* v. *Barton,* 109 Cal. 662 [42 Pac. 303], *Ord* v. *Ord,* 99 Cal. 523 [34 Pac. 83], *Bury* v. *Young,* 98 Cal. 446 [35 Am. St. Rep. 186, 33 Pac. 338], and *Ferguson* v. *Basin Consolidated Mines,* 152 Cal. 712 [93 Pac. 867], all relied upon by respondent. None of these cases holds that third parties are prevented from showing, by any evidence which is relevant and material, that the grantor of the holder of a record title did not himself have title to the property sought to be conveyed.

In so far as the one-fifth undivided interest of George Kinney in the property is concerned, his deed, of course, would carry what interest he had even though that interest be less than the interest purported to be conveyed; but it cannot carry an interest which he did not have, and the rules of evidence do not accomplish so inequitable a result by excluding the proof stricken out by the trial court.

The judgment is reversed.

Nourse, J., and Sturtevant, J., concurred