Filed 3/19/26  4th St SJ v. Milpitas Vistas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| 4TH ST SJ, LLC,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MILPITAS VISTAS, LLC,<br><br>    Defendant and Appellant. | H052483<br>(Santa Clara County<br>Super. Ct. No. 16CV294537) |

This case concerns a vacant lot.  Plaintiff 4th St. SJ, LLC (4th Street) claims to be the assignee of a long-term sublease for the lot.  Defendant Milpitas Vista, LLC (MV) is the sublessor as well as the owner of the underlying fee interest in the lot.  MV contends that 4th Street has no valid interest in the lot because a deed of trust in 4th Street's chain of title contains a mistake:  The deed purported to encumber the vacant lot in its entirety—that is, the fee interest— rather than just a sub-leasehold interest.

There is a statute dealing with such mistakes: Civil Code section 1108 (Section 1108).  According to that statute, "[a] grant made by the owner of an estate for life or years, purporting to transfer a greater estate than he could lawfully transfer, does not work a forfeiture of the estate, but passes to the grantee all the estate which the grantor could lawfully transfer."  Applying the plain language of this statute, the trial court ruled that the deed of trust encumbered the trustor's "estate for . . . years," its sub-leasehold.  Although MV appeals this ruling, it fails to offer any persuasive reason to not

apply Section 1108. Indeed, noticeably absent from MV's briefing here as well in the trial court is any mention of the section, even though it is directly on point and codifies a long and widely recognized principle.

The judgment in favor of 4th Street is affirmed.

# I. BACKGROUND

## A. The Vacant Lot

The vacant lot at issue in this case is in San José at the corner of Rosemary Street and North Fourth Street, not far from the airport. The lot was originally part of larger parcel, which in 1959 was leased for 98 years and then sublet. The sublease was later split into three lots, including the vacant lot and an adjacent lot on which a hotel was built, and the sublease currently extends until at least 2048.

The sublease for the vacant lot provides for payment of rent to both the sublessor and the master lessor, the owner of the underlying property. It also allows the sublessor to mortgage its sub-leasehold interest. Finally, presumably to facilitate conveyance, the sublease requires both the sublessor and the master lessor to provide estoppel certificates concerning, among other things, the rent due and the existence of any setoffs or defenses against enforcement.

## B. The Transfer to 4th Street

Both the lease and the sublease have been assigned multiple times. By 2003, the sublessor was Metro Eight Properties, and the sublessee was Rosemary Land Co.

### 1. The 2003 Deed of Trust

In 2003, Rosemary Land Co. borrowed money from Vimar and Tara Kumar. This loan was secured by a deed of trust encumbering the vacant lot. However, the deed of trust did not describe the encumbered property correctly. Rather than describing the property as Rosemary Land Co.'s sub-leasehold interest, the deed of trust simply stated that Rosemary Land Co. was granting the trustee "that property described as . . . Exhibit 'A,'" the vacant lot.

2

### 2. The 2009 Trustee's Deed

Rosemary Land Co. apparently defaulted on the Kumar loan, and in October 2007 the company filed for bankruptcy. The Kumars in turn assigned their loan and the 2003 deed of trust to an entity controlled by them, plaintiff 4th Street. In 2009, after obtaining relief from the automatic stay in bankruptcy, 4th Street foreclosed on the vacant lot, and the trustee sold it to 4th Street, which was the highest bidder. Following the 2003 deed of trust, the trustee's deed purported to grant 4th Street "the property described on Exhibit A," the vacant lot, rather than Rosemary Land Co.'s sub-leasehold interest in the property.

### 3. The 2015 Corrective Deed

In 2015, the trustee recorded a second trustee's deed. This deed stated that the legal description in the 2009 trustee's deed "was not correct" and that the property transferred was "[a] Sub-Leasehold estate interest."

## C. The Attempted Sale and the Estoppel Certificates

Later in 2015, 4th Street contracted to sell its sub-leasehold interest in the vacant lot. To facilitate the sale, 4th Street requested estoppel certificates from Metro Eight Property, the sublessor, and defendant MV, which by that time had become the owner of the underlying fee estate. However, MV refused to provide a certificate, and Metro Eight Property apparently failed to do so as well.

## D. The Proceedings Below

In April 2016, 4th Street sued Metro Eight Properties and MV, seeking specific performance of the sublease, declaratory relief, and damages. At the end of the year, Metro Eight Properties entered into a stipulated settlement with 4th Street in which Metro Eight Properties provided an estoppel certificate and consented to the contemplated sale of 4th Street's sub-leasehold interest, and judgment was entered against Metro Eight Properties. By contrast, MV claimed that 4th Street had no sub-leasehold interest in the vacant lot and, according to 4th Street, demanded possession of the lot on the ground that

the 2003 deed of trust was invalid. Later, Metro Eight Properties assigned to MV its interest in the lease for the vacant lot, making MV the owner, master lessor, and sublessor of the vacant lot.

In June 2024, after a bench trial, albeit without live witnesses, the trial court issued a statement of decision. In the statement, the court observed that the case primarily revolved around MV's contention that "a deed conveying more than the grantor's actual interest in a property is void and incapable of transferring the grantor's actual interest." The trial court rejected this contention. It concluded that under the plain language of Section 1108, "a grant is valid to the extent of the grantor's lawful interest even if it purports to transfer more." The court also observed that the authorities cited by M.V. did not support its assertion that, if a deed purports to transfer more than the grantor's interest, it is void. Accordingly, the trial court concluded that the 2003 deed of trust was valid and that the 2009 trustee's deed validly conveyed Rosemary Land Co.'s sub-leasehold interest to 4th Street.

The trial court also provided 4th Street additional relief. It identified the operative provisions of the master lease and the sublease, determined the terms of the sublease applicable to the vacant lot, and calculated the rent owed to the master lessor and the sublessor. The court determined as well that MV was entitled to reimbursement for overpayment of approximately $26,500 in rent paid under protest and that MV had breached both the master lease and the sublease by denying that 4th Street acquired a sub-leasehold interest and refusing to provide an estoppel certificate. Finally, the trial court held that 4th Street was the prevailing party and entitled to attorney's fees. The trial court subsequently entered judgment in favor of 4th Street and awarded it approximately $380,000 in fees and costs.

MV filed a timely notice of appeal.

4

## II. DISCUSSION

MV challenges the trial court's ruling that the 2003 deed of trust and, by extension, the 2009 trustee's deed were valid. MV argues that the 2003 deed of trust was void because it purported to encumber a greater estate in the vacant lot than Rosemary Land Co. held. MV also argues that the corrective deed issued in 2015 did not cure the defect in the 2003 deed of trust because the corrective deed violated the Statute of Frauds and was issued after the 2009 foreclosure extinguished the 2003 deed of trust. We need address only the first argument.

As the trial court recognized, MV's claim that the 2003 deed of trust was void because it purported to encumber a greater estate than Rosemary Land Co. possessed contradicts the plain language of Section 1108. As previously noted, Section 1108 provides that "[a] grant made by the owner of an estate for life or years, purporting to transfer a greater estate than he could lawfully transfer, . . . passes to the grantee all the estate which the grantor could lawfully transfer." (Civ. Code, § 1108.) Thus, under Section 1108, if "the owner of an estate for . . . years"—that is, a lessee or sublessee such as Rosemary Land Co.—purports to convey "a greater estate than he could lawfully transfer," as the deed of trust did in purporting to encumber the fee interest in the vacant lot rather than Rosemary Land Co.'s sub-leasehold interest, the grantee receives "all the estate which the grantor could lawfully transfer": in this case, the sub-leasehold interest.

The principle codified in Section 1108 is long-established. Section 1108 was enacted in 1872 as part of the original Civil Code (1 Ann. Civ. Code, § 1108 (1st ed. 1872, Haymond & Burch commrs. annotators) p. 305), and for at least a century California courts have recognized that, if a grantor purports in a deed to grant a greater interest than he possesses, "his deed, of course, would carry what interest he had, even though that interest be less than the interest purported to be conveyed . . . ." (*Kinney v. Kinney* (1925) 71 Cal.App. 192, 197; see also *Goldman v. Goldman* (1953) 116 Cal.App.2d 227, 241-242 ["[E]ven if it includes a greater interest than is owned by the

5

grantor, the deed is valid instrument to the extent of his interest."]; *Gaffey v. Welk* (1920) 46 Cal.App. 385, 390 [holding that deed executed by the owner of an undivided one-fourth interest purporting to convey the entire fee "conveyed to [grantee] an undivided one-fourth interest in the property"]; see also 26 Cal.Jur.3d (2026) Deed, § 288 ["A deed that purports to convey an estate or interest greater than that owned by the grantor is operative as a conveyance of whatever estate or interest the grantor does in fact own."].)

The principle codified in Section 1108 is also widely recognized. The section was derived from New York's influential Field Code (see Historical Derivation, Deering's Ann. Civil Code (2005 ed.). foll. § 1108, p. 446), and in keeping with these provisions, both treatises and legal encyclopedias recognize that "[a] deed, mortgage, or will that purports to convey more than the grantor owns is valid as a conveyance to the extent of the grantor's ownership." (1 Patton and Palomar on Land Titles (3d ed. 2025) § 218, fn. omitted; see also 22B Am.Jur.2d (2026) Deeds, § 272, fn. omitted ["A valid deed properly executed and delivered is operative to convey such estate as the grantor has notwithstanding it purports to convey a larger estate."]; 26 C.J.S. (2025) Deed, § 277, fn. omitted ["If a deed purports to convey the entire title, but the grantor is not the owner, the deed will pass the interest that the grantor possesses."].) Indeed, we are unaware of any decision in any jurisdiction to the contrary.

Noticeably absent from both MV's opening and reply briefs is any discussion of the Section 1108. Even though the trial court specifically noted that "Defendant does not directly address Civil Code section 1108 at all" and that this failure "may be construed as a concession on this threshold issue," and 4th Street's brief on appeal quoted this statement, MV does not even mention Section 1108 in either its opening or reply briefs.

Nonetheless, MV asserts that, "because Rosemary [Land Co.] owned only a sub-leasehold interest in Lot 2 when it granted the Kumar DOT, the Kumar DOT was void when it was granted." However, MV offers no legal analysis or authority in support of this contention. Its assertion that "the Kumar DOT could not have encumbered

6

Rosemary's sub-leasehold interest in Lot 2 because that writing does not purport to encumber that sub-leasehold interest" is equally unsupported. These assertions are inadequate. As the Supreme Court has long recognized, "[p]oints 'perfunctorily asserted without argument in support' are not properly raised." (*People v. Williams* (1997) 16 Cal.4th 153, 206; see also *In re Phoenix* (2009) 47 Cal.4th 835, 845 [" ' "Contentions supported neither by argument nor by citation of authority are deemed to be without foundation and to have been abandoned." ' "]; *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["This conclusory presentation, without pertinent argument or attempt to apply the law to the circumstances of this case, is inadequate."]; *In re S.C.* (2006) 138 Cal.App.4th 396, 408 ["When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' "].)

MV does cite three decisions in support of the proposition that "[o]ne who mortgages a property can convey only that interest it owns . . . ." While that proposition is correct, it does not follow that a mortgage purporting to convey more than the grantor owns is void. Only one of the three decisions cited by MV, *Powell v. Pattison* (1893) 100 Cal. 236 (*Powell*), holds an attempted mortgage void. However, that decision concerned a property that had been declared a homestead under former Civil Code section 1242, which provided that a homestead "cannot be conveyed or encumbered except by joint act of the husband and wife." (*Powell*, at p. 238.) Moreover, MV fails to point to anything in *Powell* suggesting that it applied a general principle applicable outside the homestead statute. The other two decisions cited by MV recognized that a grantor may not transfer rights greater than the grantor has. (*Gerhard v. Stephens* (1968) 68 Cal.2d 864, 879-880 (*Gerhard*) ["Since an owner may not effectively transfer rights in property greater than those he himself is able to enjoy (23 Am.Jur.2d, Deeds, § 289), the corporations received no title to the oil and gas as corporeal real property . . . ."]; *Gonzalez v. Gonzalez* (2968) 267 Cal.App.2d 428, 437 ["Sotero could not undertake to convey more than his own

7

share or interest in the joint tenancy . . . ."].)  However, neither suggested that if a grantor purports to convey a greater interest than it has, the attempted conveyance is void.  To the contrary, in one of the decisions, the Supreme Court suggested that the conveyance transferred the grantor's mineral rights.  (See *Gerhard*, at p. 880 ["the corporation . . . rather obtained the exclusive privileged of drilling"].)  Moreover, in that case, the Supreme Court relied on a legal encyclopedia (*ibid.* [citing "23 Am.Jur.2d, Deeds, § 289"]), which noted that "[a] valid deed properly executed and delivered is operative to convey such estate as the grantor has notwithstanding it purports to convey a larger estate" (23 Am.Jur.2d (1965) Deeds, § 289, p. 330).  Thus, the authority cited by MV implicitly contradicts the position it urges on appeal.

Finally, at oral argument, MV contended that Section 1108 does not apply to deeds of trust because such deeds do not purport to "transfer" an estate.  Because this contention was not raised until oral argument, and 4th Street has not had a fair opportunity to address this argument, we decline to consider it.  (*People v. Arredondo* (2019) 8 Cal.5th 694, 710, fn. 5 ["Given the People's failure to raise this question sooner, and defendant's lack of opportunity to address the question, we decline to consider it."]; *People v. Pena* (2004) 32 Cal.4th 389, 403 [" '[a]n appellate court is not required to consider any point made for the first time at oral argument, and it will be deemed waived' "].)  Nonetheless, we note that MV has offered no persuasive reason why, even absent application of Section 1108, the 2003 deed of trust should be deemed void because it attempted to encumber a greater estate than Rosemary Land Co. held.  To the contrary, MV conceded at oral argument that other than *Powell*, which is distinguishable for the reasons discussed earlier, it had no authority in California or any other jurisdiction holding a deed of trust void under such circumstances.

Accordingly, we conclude that the 2003 deed of trust was not void and that the 2009 trustee's deed validly conveyed Rosemary Land Co.'s sublease to 4th Street.  In

8

light of this conclusion, we need not consider MV's challenges to the 2015 corrective deed or 4th Street's proposed alternative grounds for affirmance.

## III. DISPOSITION

The judgment is affirmed. Respondent is entitled to its reasonable costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

_____

BROMBERG, J.

WE CONCUR:

_____

GREENWOOD, P. J.

_____

DANNER, J.

*4th ST SJ, LLC v. Milpitas Vistas, LLC*
H052483